SARAH H. GOULD *vs.* MAINE CENTRAL TRANSPORTATION COMPANY.

APPLETON GOULD *vs.* MAINE CENTRAL TRANSPORTATION COMPANY.

Penobscot.     Opinion, October 24, 1938.

84

*Stern, Stern and Stern,* for plaintiffs.
*Edward S. Anthoine,*
*Charles P. Conners,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.   These two cases, brought by husband and wife and growing out of an accident in which she was injured, come to us on like exceptions, the first three of which relate to the admissibility of evidence, while the fourth is taken to the direction of verdicts for the defendant. First we will consider the last exception; if that be sustained, it is decisive, for if without the evidence offered and rejected, the case should have been submitted to the jury, error of its exclusion need not be established by the exceptant.

Did the justice below err in his direction of verdicts for the defendant? In dealing with this question, so far as the evidence is concerned, it must be viewed in the light most favorable to the plaintiffs. *Searles* v. *Ross et al.,* 134 Me., 77, 81, 181 A., 820; *Goodwin* v. *Boston & Maine Railroad,* 134 Me., 282, 283, 186 A., 603.

The jury could have found that on June 13, 1936, Mrs. Gould purchased tickets for herself and some relatives for their transportation from Bangor to Newburyport by bus owned and operated by the defendant company; that these tickets had on them seat numbers; that the bus driver showed Mrs. Gould to her seat, which was the inside seat on the first row to the left of the aisle and facing the windshield; that immediately in front of her seat and to the left of the driver's windshield was an open window, with nothing whatsoever to protect her from any object coming through it, which the bus driver permitted to remain open while he drove at a

speed of about fifty (50) miles per hour; that while the bus was so proceeding near Gray, she felt something strike her in the eye "with such force that it felt like a cannon ball" and she screamed, "Stop the bus, stop the bus, something came in the window, and struck me in the eye!"; and that thereby she received serious injuries, the recovery of damages for which her action is brought, while that of her husband is to recover expenses and loss of consortium resulting from the accident.

It is not contended that it is definitely known just what hit her eye; it is admitted, however, that it was something from outside, but whether a small stone from the road or an insect from the air is only in the realm of conjecture. At the time of the accident, there was no passing vehicle; furthermore, a search through the bus conducted immediately after the accident disclosed no stone or other object claimed to have come through the window.

That the defendant in its operation of its bus was acting as a common carrier is conceded. It was chargeable with performance of the obligation attaching to common carriers of passengers. *Chaput* v. *Lussier*, 132 Me., 48, 165 A., 573. The duty owed Mrs. Gould was to carry her "not as an insurer, but in the exercise of the highest degree of care compatible with the practical operation of the machine in which the conveyance was undertaken." *Chaput* v. *Lussier*, supra, on page 52, 165 A., page 575, and cases there cited.

Other Maine cases dealing with the care requisite of observance are *Edwards* v. *Lord*, 49 Me., 279, in which this Court upheld an instruction by the presiding Justice that the defendant "was bound to use greater than ordinary care—such care as is used by very cautious persons; and if any reasonable skill and care on his part could have prevented the accident, the defendant was liable"; and *Knight* v. *Portland, Saco & Portsmouth R. R. Co.*, 56 Me., 234, approving instructions given in this language:

"Common carriers of passengers are required to exercise the strictest care which is consistent with the reasonable performance of their contract of transportation.

"While they are not bound to insure the absolute safety of their passengers, they are required to make use of such safeguards for the protection of their passengers as science and

art have devised, and as experience has proved to be efficacious in accomplishing their object.

*        *        *

"To render them liable for an injury to passengers while under their charge, it is not necessary that they be guilty of gross or great negligence; it is enough if the accident was caused solely by any negligence on their part, however slight, if, by the exercise of the strictest care or precaution, reasonably within their power, the injury would not have been sustained."

As stated in American Jurisprudence, volume 10, section 1237, page 157:

"A carrier of passengers is not responsible for an injury caused by an unforeseen accident against which human care and foresight could not guard and which is not caused in any degree by acts of negligence."

Did the defendant violate its duty as a common carrier in allowing this window to remain open directly in front of Mrs. Gould and through which the object (whatever it was) came, it being conceded to have been a warm day in June when proper ventilation was necessary for the reasonable comfort of the occupants of the bus? Cited is *Bowling Green-Hopkinsville Bus Co.* v. *Edwards* (1933), 248 Ky., 684; 59 S. W. (2d), 584, where the plaintiff's eye was injured by a stone thrown through an open window by the wheels either of a passing truck or of the bus in which he was riding, while the bus was travelling over a road of loose gravel. There the court stated:

"The question is presented whether the casting of the rock was through actionable negligence; and that would seem to rest upon whether the throwing of the stone and an injury should have been reasonably anticipated or foreseen as a natural and probable consequence."

It held that if the rock came from the passing truck, "it was not dangerous to have had the windows of the bus open under the prevailing weather conditions, *unless peril or injury therefrom might have been reasonably anticipated under the circumstances.*" (Italics

ours.) But whether such peril or injury might have been "reasonably anticipated under the circumstances" is a question of fact dependent upon the particular circumstances of the given case.

In the instant case, conceding it was a hot day and proper ventilation was necessary, it should have been left for the jury to determine as a fact whether the defendant, in permitting this window to remain open, observed that degree of care with which the defendant as a common carrier was chargeable. Could it reasonably have anticipated peril to its passenger and likely injury to her from its failure to close the window in operating its bus at such a speed and creating thereby such a draft as likely to suck into the bus small objects, whether insects or otherwise, that might be in the air immediately in front of the open window? Employing the language of *Chaput* v. *Lussier*, supra, was it "in the exercise of the highest degree of care compatible with the practical operation of the machine in which the conveyance was undertaken?" We can not say that as a matter of law there was observance of such care. It was a factual question for the jury's determination.

We are not unmindful of the decision of the Massachusetts court in *Shine* v. *New York, New Haven & Hartford Railroad Company*, 236 Mass., 419, 128 N. E., 713, in which the plaintiff received an injury to his eye by reason of a locomotive cinder coming through the front door of the car in which he was riding. In that case, the court said it is common knowledge that under present conditions coal-burning locomotives can not draw a train without emitting cinders and smoke and held it was not negligence on the part of the defendant not to keep windows and doors to passenger cars closed in warm weather in order to exclude such cinders, and gave judgment for the defendant. On the other hand, it has been held, with reference to injuries to passengers by sparks or cinders, that the question of liability is for the jury. See cases cited by the annotator in 11 A. L. R., beginning on page 1076. The statement of law found in 10 American Jurisprudence, in section 1252, page 172, would seem to be sound, viz.:

"While it is undoubtedly true that a passenger must take the risks incident to the mode of travel and the character of the means of conveyance which he adopts, such risks are only those which cannot be avoided by the carrier by the use of the

utmost degree of care and skill in the preparation and management of the means of conveyance."

The failure to submit to the fact-finding jury the questions whether the defendant exercised requisite care in "the preparation and management" of its bus with reference to the open window and should have reasonably anticipated to result therefrom "peril or injury" to its passenger, Mrs. Gould, entitles the exceptants to have their fourth exception sustained.

*Exceptions sustained.*