CHARLES P. McKENNA *v.* JAMES R. McDONALD.

November Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*Henry A. Milne* for the defendant.

*Fred E. Gleason* for the plaintiff.

SHERBURNE, J.  This suit arises out of an automobile accident on the highway between Barre and Montpelier.  Verdict and judgment were for the plaintiff and the case is here upon defendant's exceptions.  Only two points are briefed.

At the close of all the evidence the defendant moved for a directed verdict on the ground that ''upon the uncontradicted evidence it appears that the collision between the McKenna automobile and the defendant's automobile occurred on the defendant's right of the center of the travelled highway.''  To the overruling of this motion the defendant excepted.  This motion was properly overruled for two reasons.  First, as we have repeatedly held, the evidence in such cases must be taken most favorably for the plaintiff, and there is evidence from which the jury might have found that the collision occurred on the plaintiff's right of the center of the travelled highway.  Second,

even if the collision occurred on the defendant's right of the center of the highway that fact alone does not bar recovery in the absence of an allegation that the plaintiff's conduct was a proximate cause of the accident. It is not sufficient to merely show a violation of the law of the road. It is also necessary to show that such violation forms a proximate cause of the accident. *Shea* v. *Pilette,* 108 Vt. 446, 453, 189 Atl. 154, 109 A. L. R. 933; *Rule* v. *Johnson,* 104 Vt. 486, 490, 162 Atl. 383; *Hatch* v. *Daniels,* 96 Vt. 89, 92, 117 Atl. 105.

The highway in question was made up of two cement lanes totaling 18 feet in width, with strips of black top on either side of varying widths. As the plaintiff was proceeding toward Barre his right hand side of the highway was the west side.

The defendant excepted to the failure of the court to charge as requested as follows:

> "If the jury find that the lane of black top extended at the time of collision from a point approximately 300 feet north of the collision southerly past the point of collision and for a distance of approximately one-half mile along the westerly side of the concrete lanes in the highway and was nine feet wide along this distance and said lane of black top was used for travel, it was a part of the highway, and should be taken into consideration in fixing the center of the highway."

In this connection the court charged as follows:

> "It is the defendant's contention, and he has introduced some evidence to that effect and argued it to you gentlemen in his argument, that this accident took place on his right of the center of the highway in question. We have there, apparently on the evidence, a rather unusual situation for our Vermont roads. There is, on the undisputed evidence, an ordinary cement road, 18 feet wide laid in the usual two lane strips and with a break line dividing the two points. To the right of this there is a space extending to the right—travelling south towards Barre, there is a space approximately nine feet wide. As to that space the evidence is some-

what conflicting, as to how much the black top space can be used ·for travel, how' much it actually is used for travel, whether it truly constitutes a portion of the travelled highway, or is in the nature of a turn off or shoulder. There is little dispute but that the actual point of impact took place one to one and a half feet at least, and there is some evidence that it took place at a greater distance to the plaintiff's right of the center line of the cement surface, and it will be for you gentlemen, and you are instructed to determine from all the evidence before you, where the center ·of· that highway was, and whether that point so described was on the plaintiff's right or left hand of the center of the highway, and of course the converse for the defendant. We think that it is significant in determining this question, and suggest that you consider in your deliberations, the fact that there is no evidence in the case as to there being any center line marked on this highway other than the tarred line between the two strips of cement.''

Although no exception was taken to the charge as given, the defendant now seeks to criticise it for failing to give the jury a standard by which it may determine whether or not the black top strip is a part of the highway, and insists that the last quoted sentence from the charge nullifies in the minds of the jury consideration of this black strip as being a part of the highway.

■■ According to the request the standard for ascertaining where the center of the highway is is to take into consideration all that is used for travel. Without deciding if that is the correct standard, we will confine our attention to determining if the request was substantially complied with, as a substantial compliance is all that the defendant was entitled to. A literal compliance was not required. A court may select its own language, and how far it shall go in elaboration of the point is within its own discretion. *Williams* v. *Marini*, 105 Vt. 11, 18, 162 Atl. 796, and cases cited.

■ By referring to the charge we note what the court said about the conflicting·evidence as to how much of the black top space can be used for travel, and how much is actually used

for travel, and whether it truly constitutes a portion of the travelled highway, and we are satisfied that the court fairly explained to the jury that they should use the standard called for by the request in ascertaining where the center of the highway was.

In view of the conflicting evidence from which it could have been found that there was a black top shoulder on the east side of the highway about two and a half feet wide and that the black top strip on the west side may have been only three and one half feet wide, we think that the court had this in mind when calling attention to the fact that there was no evidence that any center line had been marked upon the highway other than the tarred line between the two cement lanes. We do not think that this remark nullified what had already been charged. The jury were left with the duty of determining where the actual center of the highway was, and the only purpose the court could have had was to assist the jury in arriving at a correct conclusion upon the facts. If it was an expression of opinion upon the evidence still the final determination of the principal fact was left to the jury. As we have often held, the court may express an opinion regarding the weight and character of the evidence if its force and effect is ultimately left to the jury. *Bucklin* v. *Narkwich,* 108 Vt. 1, 5, 182 Atl. 207, and cases cited.

No error is made to appear.

*Judgment affirmed.*