## Roland Shanks v. Albert Lavallee

[111 A2d 808]

January Term, 1955.

Present: **Sherburne, C. J., Cleary, Adams and Chase, JJ., and Smith, Supr. J.**

Opinion Filed February 1, 1955.

*Louis Lisman* for the defendant.

*Leary & Leddy* for the plaintiff.

**Cleary, J.** This is an action of assumpsit, in the common counts, with specifications for money loaned. No plea was filed so a general denial is considered as pleaded. V. S. 47, §1613-II. Trial was by jury, resulting in a verdict and judgment for the plaintiff. The case is here on the defendant's execptions to the refusal of the lower court to direct a verdict for the defendant as to two items of $400 and $850 in the specifications and on the defendant's exceptions to the charge.

The defendant's brief limits the grounds of his motions for a verdict to the claims that the burden of showing that the moneys withdrawn from the bank were loans was on the plaintiff and that the evidence left in doubt how much of this money constituted borrowed money and therefore the matter was left to speculation and surmise.

In passing upon the motions for a directed verdict the evidence must be viewed in the light most favorable to the plaintiff and the effect of modifying evidence is to be excluded. *Silveira* v. *Croft*, 116 Vt 420, 421, 77 A2d 911; *Campbell* v. *Howard National Bank*, 118 Vt 182, 183, 103 A2d 96. Viewed in that light the jury could fairly and reasonably have found the following facts. The plaintiff is the defendant's step-son, the defendant's wife having been the plaintiff's mother. Prior to entering the Army of the United States the plaintiff had lived with his mother and the defendant. While serving in the army overseas the plaintiff became twenty-one years of age and funds belonging to him were deposited in his name in the Burlington Savings Bank. He then executed a power of attorney to his mother so that she could withdraw money from his bank savings account. At various times she withdrew

money at his request and forwarded it to him. On September 11, 1951, she withdrew $400 which she received in cash; on February 6, 1952, the defendant withdrew $850 from the plaintiff's savings account upon the authority of an order signed by the plaintiff's mother. The $850 was paid in cash to the defendant by the Burlington Savings Bank. Neither the $400 nor the $850 was ever sent to the plaintiff or received by him. On October 9, 1952, the plaintiff's mother withdrew $1515 from the plaintiff's savings account, and received from the bank $1000 in cash and a check for $515 payable to the Western Union Telegraph Co. The plaintiff received $500 from the Telegraph Co. but the $1000 was never sent to or received by him.

The plaintiff's mother died of cancer on January 9, 1953. She suffered a long illness and the defendant incurred large and heavy expense for doctors' and hospital bills. The plaintiff was married in Italy while in military service there and was granted an emergency furlough to return home just before his mother's death. His wife joined him here sometime afterward and, in disposing of his belongings prior to leaving Italy she destroyed the letters her husband had received from his mother and the defendant, so the plaintiff was allowed to testify as to their contents. The defendant produced several letters written by the plaintiff from Italy. They all started with the salutation "Dear Mother & Bert". The plaintiff testified he always called the defendant Bert.

The plaintiff's funds were deposited for him in the Burlington Savings Bank on August 21, 1951. On August 16, 1951, he wrote his mother and the defendant "One thing I want you and Bert to realize is whenever we get the money, use it the way that you think." In early 1952 the plaintiff received a letter which was signed both by his mother and by the defendant which stated "We are using some money to help pay up some hospital bills because we are running very short." The same letter stated "We had to borrow some of your money." In September 1952 the plaintiff received a letter which was signed both by his mother and by the defendant which stated that "Bert and I would like to borrow a thousand dollars to go into business with Bud Carty." The plaintiff

answered approving the loan from his funds. After his return from Italy the plaintiff inquired of the defendant as to the whereabouts of the money the plaintiff had not received and specifically that thousand dollars. The defendant told him he had to use the thousand dollar loan for hospitalization, to pay hospital bills for the plaintiff's mother. In reply to the general question: "He just shrugged if off; he just explained how the cost was so great in paying hospitalization and doctors and so forth, and I never received an answer from him as far as the money I hadn't received."

■ The burden was on the plaintiff to prove that the money withdrawals from the bank were loans but if the jury was satisfied that he had sustained that burden there was no doubt as to how much of the money constituted borrowed money so the matter was not left to speculation or surmise. The evidence made the points relied upon by the defendant jury questions and it follows that the motions for a directed verdict were properly overruled. *Stewart* v. *Waterman*, 97 Vt 408, 414, 123 A 524.

■ The defendant excepted to those parts of the court's charge to the jury that if the $1000 was lent to Mrs. Lavallee alone and if the $850 and $400 items were turned over to her but the money was used to pay her hospital and medical bills the defendant was liable to the plaintiff. The grounds of the exceptions were that the only party obligated to repay was the party to whom the loans were made and it made no difference that the money was used to pay bills which were the legal obligation of the defendant. The defendant takes the position in his brief that a plaintiff cannot recover from a husband where money is loaned on the credit of the wife. That is not the case here where there was no evidence that the money sought to be recovered was loaned on the credit of the wife alone. Even if the jury believed that money was loaned to or turned over to Mrs. Lavallee, if the jury also believed what the plaintiff's evidence tended to prove, that the money was loaned on the credit of both husband and wife and was used for necessary hospital and medical expenses the defendant was liable as charged by the court. *Wells* v. *Lachenmeyer*,

2 How. Pr. N. S., NY, 252; *Kenny* v. *Meislahn,* 69 App Div 572, 75 NY Supp 81, 82; *Gill* v. *Read,* 5 R. I. 343, 73 Am Dec 73; *Marshall* v. *Perkins,* 20 R. I. 34, 37 A 301, 78 Am St Rep 841. The exceptions are of no·avail.

During the trial defendant's counsel, in reply to an inquiry by the court, stated it was one of his contentions that the plaintiff made a gift to his mother of the money that was unaccounted for. The court charged the jury that the plaintiff had the burden of establishing each and every element necessary to prove his case and also charged that the burden of proof as to establishing a gift was on the defendant. The defendant excepted to the charge relating to a gift, and he claims that the burden of proof that the money advanced to the defendant or his wife, or both, was a loan and not a gift, was on the plaintiff. The defendant's contention that the plaintiff made a gift to his mother was an affirmative one and the burden of proof was on the defendant. *Francis* v. *London Guarantee & Accident Co.,* 100 Vt 425, 428, 138 A 780. It was an alleged distinct, independent fact brought into the case by him and put the burden on him to establish it. *Gale* v. *Gale,*·70 Vt 540, 541-542, 41 A 969. The burden of proving a gift is on the donee or claimant. *Gale* v. *Gale, supra; Rice Exrs.* v. *Bennington Co. Sav. Bank,* 93 Vt 493, 500, 108 A 708; 24 Am Jur 790; *Figuers* v. *Sherrell,* 181 Tenn 87, 178 SW 2d 629, 152 ALR 420, 425; *Rose* v. *Osborne,* 133 Me 497, 500-501, 180 A 315, 317; *Hill* v. *Hill,* 144 Me 224, 67 A2d 533, 535. This is especially true where as here the alleged donee was in a position of trust and confidence by virtue of her power of attorney. *Burdick* v. *Wittich,* 46 Cal App 2d 456, 116 P2d 90, 94; *Small* v. *Nelson,* 137 Me. 178, 16 A2d 473, 475, 476; *Reynolds* v. *Stevens,* 66 R. I. 220, 18 A2d 637, 639. The exception is of no avail.

*Judgment affirmed.*