### State of Vermont v. Rudolph John Wood

[147 A2d 678]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959.

*Raymond L. Miles* and *Paul R. Rexford* for the respondent.

*Leonard Pearson*, State's Attorney, for the State.

**Cleary, C. J.** This is a prosecution for operating a motor vehicle on a public highway while the respondent's right to do so was suspended. Trial was by jury in the Orleans Municipal Court and resulted in a verdict and judgment of guilty. The only exceptions which the respondent insists upon here are based on his objections to three remarks made by the State's Attorney during his argument to the jury.

The State's Attorney's statements were improper argument. The usual remedy for such mischief is for the offending counsel, fully and frankly, to retract what he has said amiss, for the court to rule it out at once and to instruct the jury not to consider it. Here there was no retraction but in each instance after the objection was made the court immediately said: "Objection is sustained and an exception is allowed." By sustaining the objection the court ruled that

the argument was improper. *Hall* v. *Fletcher*, 100 Vt 210, 213, 136 A 388; *Duchaine* v. *Ray*, 110 Vt 313, 321, 6 A2d 28. No objection was made or exception taken by the respondent to what the court said or failed to say; no request was made that the State's Attorney retract his argument or that the court rule it out or that the jury be instructed not to consider the argument. In the absence of any comment by the court to the jury to disregard the remarks of the State's Attorney, or a request so to do by respondent's counsel, it then became the duty of respondent to move for a mistrial. *Fadden* v. *Mc Kinney*, 87 Vt 316, 327, 89 A 351. Apparently respondent's counsel was satisfied with the court's ruling and the court had the right to believe that counsel was so satisfied. *Russell* v. *Pilger*, 113 Vt 537, 542-543, 37 A2d 403.

The office of an exception is to preserve a known or supposed right taken on a hostile ruling. *In re Moore*, 113 Me 195, 93 A 180, 181. The following elements are necessary to save a valid exception to argument. There must be an objection stating the language of the argument objected to, the specific grounds of the objection must appear, there must be a ruling by the court, and an exception thereto by the party adversely affected thereby. *Tuttle* v. *Dodge*, 80 NH 304, 312, 116 A 627; *Gobrect* v. *Beckwith*, 82 NH 415, 422, 135 A 20, 52 ALR 858; *Colby* v. *Lee*, 83 NH 303, 309, 142 A 115, 688; *Buttrick* v. *Woman's Hosp. Ass'n.*, 87 NH 194, 177 A 416; *Bourget* v. *Public Service Co.*, 98 NH 237, 97 A2d 383, 388; *State* v. *School-craft*, 110 Vt 393, 396, 8 A2d 682; *State* v. *Gravelle*, 117 Vt 238, 245, 89 A2d 111.

Only a party adversely affected by a ruling can except thereto. *Croatıon Bros. Packing Co.* v. *Rice*, 88 Ind App 126, 147 NE 288, 289. A party is not entitled to any benefit of an exception not taken by himself, and therefore an exception taken by one party is not available to his adversary. *Sline & Sons* v. *Hooper*, 164 Md 244, 164 A 548; *Blinder* v. *Monaghan*, 171 Md 77, 188 A 31.

In the present case the respondent's objections were to the State's Attorney's argument. These objections were sustained. Therefore the exceptions which the court allowed

must be held to have been allowed to the State rather than to the respondent. Even if it could be assumed that the court intended to allow the exceptions to the respondent such action would have been gratuitous and of no effect. The respondent had no ground for exception because the court had ruled in his favor. *Fadden* v. *McKinney*, 87 Vt 316, 326-327, 89 A 351. Therefore his claim of prejudice because of the State's Attorney's remarks is not before us. *De Cubellis* v. *Mellucci*, 59 RI 216, 194 A 717, 719.

*The claimed exceptions are overruled. Judgment affirmed. Let execution be done.*