**David Ploesser v. Burlington Rapid Transit Co. et al**

[149 A2d 728]

January Term, 1959.

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed March 4, 1959.

*Edmunds, Austin & Wick* for the defendants.

*Joseph C. McNeil* for the plaintiff.

**Holden, J.** On October 22, 1955, the plaintiff sustained injuries to his back while riding as a regular passenger on a motor bus operated by the Burlington Rapid Transit Company in the city of Burlington. The bus was proceeding north on Elmwood Avenue in rather heavy traffic. The plaintiff was injured when the bus came to a sudden stop. The plaintiff was seated at about the middle of the bus, next to a window. The abrupt stop ejected the plaintiff forward into the back of the seat ahead. He then rebounded into the adjacent seat on the aisle. The force of the jolt displaced other passengers and two passengers were thrown to the floor. The plaintiff was removed from the bus and taken to the Mary Fletcher Hospital by police car.

The evidence is settled, beyond dispute, that the bus was brought to an abrupt halt to avoid colliding with a car immediately in front of the bus. Both vehicles were traveling in the same direction on Elmwood Avenue. There was conflict in the proof concerning the speed of the motor carrier at the time the brakes were applied and the location on Elmwood Avenue where the stop was made. The plaintiff's evidence was that the transit vehicle was traveling between thirty-five and forty miles an hour, and had not reached the intersection of North Street with Elmwood Avenue. The defendants' evidence was that the bus was moving at a speed of no more than five miles an hour while moving away from the traffic light at the North Street intersection.

Prior to the accident on March 9, 1955, the plaintiff had injured his back while at work in his regular employment. In July, the plaintiff was hospitalized as a result of the original injury and underwent a surgical operation. An intervertebral disc was removed and a spinal fusion performed. Following the surgery, the plaintiff was confined to bed rest in the hospital for a period of three weeks. Thereafter he was permitted to be up but was required to wear a surgical brace and was cautioned against any strenuous activity during the next ensuing six months. Up to the time of the accident, the plain-

tiff's convalescence had been normal and satisfactory. Some two months before the accident, the plaintiff was found to be essentially free of symptoms. At that time the plaintiff inquired of his surgeon about the advisability of his travel on a train and was advised that this activity would not be particularly harmful. The doctor further informed the plaintiff that sedentary work might be possible by October 1, 1955 but any more strenuous activity should be avoided until January.

The plaintiff brought this action in negligence against the transit company and its insurance carrier. The jury returned a verdict for the plaintiff. Both defendants join in a single appeal and assign error to the refusal of the trial court to set aside the verdict, and to the instructions of the court in submitting the case.

Before the jury was impaneled, the defendants called to the attention of the court the fact that the Century Indemnity Company had been named as a defendant in the action. The defendants took the position that the statute permitting the joining of the insurer is merely to give the plaintiff a direct right of action against the insurer; that the Century Indemnity Company is not a party *ex delicto* and the fact that they are a party ought not to be called to the jury's attention. The court denied the defendants' request and granted an exception to its ruling. The Court further saved an exception on this point whenever it might be reached during the course of the trial, without necessity of further objection or formal motion for a mistrial.

The defendants have briefed the question under their exception to the denial of their motion to set the verdict aside. This ground was not specified in that motion. However, in view of the broad exception granted the defendants on the issue, in the conference before trial, we will consider the question as properly raised.

In his opening statement counsel for the plaintiff remarked that the plaintiff "has brought this action against the bus company and the insurance company * * * ." Later in the trial, the defendants at the bench offered "to show that the Century Indemnity Company is only obligated to pay any verdict in excess of $10,000. and that any verdict over that

amount will have to be paid by the Burlington Rapid Transit Company." (sic) The offer was excluded.

The court commented upon the matter in the course of the charge: "In a case of this kind involving a public carrier, the statutes of this State provide that the carrier insurance company may be joined as a co-defendant. The defendant Century Indemnity Company, however, is not liable in this case unless you first find that the defendant Burlington Rapid Transit Company is liable. That is, your verdict, if for the plaintiff, must be against both defendants. You should not let the fact the insurer is a party defendant influence your decision in this case, as it is your duty to fairly and justly and impartially decide the case upon all the evidence in the case."

V. S. 47, §10,173 as amended by No. 191 Acts of 1953, compels adequate financial responsibility as a condition precedent to the registration and operation of a motor bus on a public highway in this state to indemnify the carrier against any leg'l liability for personal injury or property damage which may result from the operation of a motor bus. V. S. 47, §10,174 provides that the insurer or surety may be made a co-defendant with the owner of the motor bus in an action for injury, death or property damage.

In support of their claim of reversible error, the defendants rely on the general rule applicable to causes where private contracts of insurance are involved to indemnify a private vehicle, as stated in *Ryan* v. *Barrett*, 105 Vt 21, 23, 162 A 793. In these cases it is recognized that insurance or the want of it is a iprvate matter between the insured and his indemnifier. The injured party has no right to have his claim secured by a contract of indemnity and has no direct action against the insurer. Prejudicial error has resulted when the fact of insurance was wrongfully interjected into the case. *Glass* v. *Bosworth*, 113 Vt 303, 308, 34 A2d 113; *Ryan* v. *Barrett, supra,* 105 Vt 23, 162 A at 794, and cases cited.

■ ■ Public liability insurance, openly required of all motor busses, by statute, stands differently. The public has an interest in the contract and the injured person has been given a direct right of action against the insurer. The existence

of insurance is not prejudicial in the legal sense to the insured or his surety. It is the plain requirement of the law. And we find no prejudice in the existence of a legal relationship which the public law contemplates and demands.

The trial judge merely explained this relationship and the presence of the insurer as a party defendant. In so doing, the court correctly applied the statute to the litigation at hand, consistent with the holding in *Stark* v. *Crowell*, 117 Vt. 413, 417, 94 A2d 585. In so doing, the liability of the insurance carrier was properly relegated as subordinate to, and dependent upon the principal issue of the liability of the transit company.

The defendants further claim there was error in the reference to the relationship between the parties defendant for the reason that no evidence was offered to show the Century Indemnity Company did, in fact, insure the Burlington Rapid Transit Company. Whether such evidence was essential we do not decide. It is sufficient to point out that the entire purport of the defendants' request to exclude any reference to the insurance carrier and their subsequent offer to show the nature of the insurance contract existing between the defendants, constitute judicial admission of the fact which they now claim was erroneously omitted from the plaintiff's proof. See *Citizens Savings Bank* v. *Fitchburg Mut. Fire Insurance Co.*, 87 Vt 23, 32, 86 A 1056. The exception to the action of the trial court in refusing to set the verdict aside is without merit.

The defendants' remaining exceptions are directed to the trial court's instructions on the issues of negligence and contributory negligence.

After defining negligence in general terms, the trial judge went on to say: "Here, however, the relation between plaintiff and defendant transit company was that of public carrier and passenger. This relationship, under the law, places upon the carrier a greater and more constant caution than it does upon an individual operating his own private automobile. The carrier must exercise more than ordinary care. It must exercise the care of a careful man in the same circumstances and the degree of care required must be commensurate with the circumstances calling for the exercise of care, or has been said, it must exercise the highest degree of care or the utmost care

in the operation of its busses and in performance of its duty to safely transport to his destination one whom the carrier has taken on as a passenger. A carrier is not an insurer of its passengers but its liability, if any, for injuries to a passenger is based on negligence, that is as I have said, the failure to exercise the degree of care required of it, and if such negligence contributes to an accident as a proximate cause of it, then such negligence is known as actionable negligence. In determining whether the defendant is negligent, the conduct of its operator of the bus is to be judged by the situation then existing and in the light of the situation confronting him, measuring his care but (by) what a careful man in the same circumstances, exercising the highest degree of care then required of him for the safety of his passengers, would have done or omitted to do under the same circumstances."

The defendants excepted to that portion of the charge which stated the defendant had the duty to transport the plaintiff with the utmost care. The defendants took the position that the instructions should have been modified by adding the words "as is consistent with the mode of travel and the conveyance used by the defendant."

■ The sufficiency of the court's charge must be measured by its full context and meaning. *Lancour* v. *Rutland Herald & Globe Ass'n.*, 111 Vt 371, 382, 17 A2d 253, 132 ALR 486; *In re Moxley's Will*, 103 Vt 100, 114, 152 A 713. If the instructions, thus considered, correctly state the law applicable to the facts of the case, they must stand. *Laferriere* v. *Saliba*, 119 Vt 25, 28-29, 117 A2d 380; *Cole* v. *North Danville Coop. Creamery Association*, 103 Vt 32, 45, 151 A 568.

■ The defendant common carrier assumed all the legal obligations and responsibilities incident to that enterprise. The jury were correctly instructed that the transit company was bound to exercise the utmost care that no injury befell the plaintiff. *Ready* v. *Peters*, 119 Vt 10, 13, 117 A2d 374; *Strong* v. *Burlington Traction Co.*, 80 Vt 34, 36, 66 A 786, 12 LRANS 197; *Hadley* v. *Cross*, 34 Vt 586, 588. This standard of care was not assigned to the defendant without further delineation and explanation. It was related

to the situation which confronted the operator at the time that he was called upon to act.

The court correctly stated the law on the standard of care required of the defendant without departing from the holding in *Parker* v. *Boston & Maine Railroad*, 84 Vt 329, 347, 348, 79 A 865, 867. The defendant's operator was held to the care of a "careful man in the same circumstances." The caution of a "very careful" person was not imposed as in the *Parker* case.

■ The intendment of the defendant's exception is that the sudden halt and accompanying jolt experienced in this misadventure was an event consistent with ordinary motor bus operation and travel. A sudden halt or jolt accompanied by violent thrust of passengers is not an ordinary incident of travel by public carrier. *Webber* v. *Old Colony St. Rwy. Co.*, 210 Mass 432, 97 NE 74, 75; *Heineke* v. *Chicago Rys. Co.*, 279 Ill 210, 116 NE 761, 762-763; *United Rys. & Electric Co.* v. *Phillips*, 129 Md 328, 99 A 355, 356, LRA 1917C, 384. See also 13 CJS Carriers, §764, pp. 1461-1462. No error appears.

The only explanation given as the reason for the sudden stop comes from the defendants' evidence. The witness Burns, operator of the motor bus, testified that he proceeded north on Elmwood Avenue, following two motor vehicles, ahead and in line. The bus came to a smooth stop four feet behind the car next ahead, at a red traffic light at the intersection of Elmwood and North Street. The light changed to the green signal. In response to a request by defendants' counsel to tell what happened after the traffic signal changed, he replied:

> "Well, to all indications the first car appeared to be making a left-hand turn. The second car, immediately in front of me, was attempting to pass on the right side to make the light. Both cars moved ahead and I released my foot brake and stepped on the gas and took off following the two cars. I had gone a short distance when the car immediately in front of me stopped. Then I had to make a sudden stop myself."

The bus driver also testified that the stop was produced by the swift application of air brakes on the bus. He further

testified that the bus traveled a distance a little greater than a car length from his stop at the traffic light to the second stop. When the bus came to a halt the second time, it was two feet from the car ahead.

■ This testimony affords ample evidence of negligence on the part of the bus operator. Even in the operation of a private vehicle, the law requires the operator to govern his speed and maintain a reasonably safe distance behind the vehicle he is following to provide for the contingency of the lead vehicle coming to a sudden halt. In this situation, failure to so control the factors of time and space which results in the misfortune of injury constitutes negligence. *Williamson* v. *Clark*, 103 Vt 288, 292-293, 153 A 448; *Cote* v. *Boise*, 111 Vt 343, 350, 16 A2d 175; *State* v. *Graves*, 119 Vt 205, 214, 122 A 840.

In submitting the case to the jury, the presiding judge commented that the plaintiff was lawfully on the bus as a fare paying passenger, occupying a seat on the left side, about the middle of the bus. He also was wearing a back brace as advised by the doctor. The court referred to the plaintiff's right to assume that the transit company would properly discharge its duty to him in the operation of the carrier. Upon these considerations the court ruled as a matter of law that the plaintiff was not guilty of contributory negligence. To the portion of the charge on contributory negligence the defendants excepted, stating only "It is the position of the defendant that that question should have been submitted to the jury."

■ The exception is insufficient to raise the points now urged on appeal in that it fails to indicate or even suggest wherein the plaintiff was negligent. And if he were negligent the exception fails to indicate how such negligence contributed as a cause of the accident. *Magoon* v. *Before*, 73 Vt 231, 233, 50 A 1070; *Drown* v. *Oderkirk*, 89 Vt 484, 489, 96 A 11; *In re Estate of Barron*, 92 Vt 460, 470-471, 105 A 255; *Vitale* v. *Smith Auto Sale Co.*, 101 Vt 477, 481, 144 A 380.

However, since substantial rights are here involved, we have examined the claims made in the defendants' brief with reference to the record in its entirety and the law applicable.

The defendants rely on the plaintiff's evidence that he

was aware of the speed of the bus at thirty-five to forty miles an hour before the accident happened. From this fact it is contended there was a duty on the part of the plaintiff to warn and remonstrate with the operator.

■ The plaintiff's consciousness that the vehicle was traveling fast did not give rise to a duty to remonstrate with the operator. Unless the operation was clearly reckless, the plaintiff was not called upon to protest. *Duffy* v. *J. W. Bishop Co.*, 99 Conn 573, 579, 122 A 121; *Brooks* v. *Sun Cab Co.*, 208 Md 236, 117 A2d 554, 558.

■ The passenger on a public conveyance has the right to rely upon the operator to observe the ordinary hazards of travel. The duty to warn the operator is imposed upon the passenger only when he is aware of a danger that is obscured from the operator. *Lehman* v. *Anderson*, 27 NJ Super 444, 99 A2d 517, 518, affirmed, 14 NJ 340, 102 A2d 385.

■ The law does not require a passenger on a public carrier to maintain a constant watch for dangers that are in plain view of the operator; nor does it require the passenger to intermeddle in the operating responsibility of the carrier. Such a demand would lead to confusion aboard the bus and would jeopardize the public safety.

The dangerous condition that preceded this accident was in full view of the operator. The risk of advancing too close to the car ahead at the speed indicated was a danger which the operator of the bus alone created. In the engagement of this risk, the plaintiff did not participate.

■ It is of course true that the plaintiff suffered from a physical infirmity of which he was well aware at the time he boarded the defendant's bus. That a passenger may be suffering from physical conditions which make him more susceptible to a violent jolt of the carrier does not deprive him of a right to recovery for such further disability that might be inflicted upon him from negligent operation of the vehicle. *Webber* v. *Old Colony St. Ry. Co.*, *supra*, 97 NE at 75.

■ The plaintiff was under no legal requirement to warn

the defendant carrier of his physical ailment. Nor could the defendant's liability be enlarged by such notice provided the bus was operated in the exercise of due care. See opinion by Holmes, J. in *Spade* v. *Lynn & B. R. Co.*, 172 Mass 488, 52 NE 747, 748, 43 LRA 832.

The plaintiff chanced the risk of his physical condition against reasonable and careful operation of the bus, but he engaged only those hazards which the driver could not avoid by the exercise of due care. *Gould* v. *Maine Central Transportation Co.*, 36 Me 83, 1 A2d 908, 911; See 13 CJS, Carriers, §774, pp. 1544-1545; 10 Am Jur, Carriers, §1252, p. 172.

Although he was peculiarly vulnerable to further spinal injury, the law did not require him to foresee further injury from the defendant's negligence. He had the right to assume such misfortune would not occur. *Ready* v. *Peters*, *supra*, 119 Vt at 15, 117 A2d at 377.

*Judgment affirmed.*