## Thelma K. Mattison v. Sylvia Smalley

[165 A.2d 343]

September Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 1, 1960

*Edwin W. Lawrence* and *Donald M. French* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

**Shangraw, J.** This is an action to recover for personal injuries sustained by the plaintiff as a result of having the automobile she was operating struck from the rear by a car operated by the defendant.

The accident occurred June 9, 1956 on Route 7 between Manchester and Manchester Center, Vermont.

Trial was by jury. A verdict was returned for the plaintiff with judgment entered thereon. The case is here on the defendant's following specifications of error; the court's denial of the defendant's motion for a directed verdict made at the close of the plaintiff's case and renewed at the close of all the evidence; the overruling of the defendant's objection to a portion of the plaintiff's argument to the jury; the denial of defendant's request to charge; and the court's failure to set aside the verdict.

The accident happened at approximately 8:15 A.M. at a point in front of the Little Shop. The plaintiff was driving a 1950 Chevrolet, owned by her husband, Leo J. Mattison, and travelling north. The Little Shop was on her left hand side of the road. The highway was concrete and the surface dry. The weather was clear and the visibility good. This was a two-lane road with a center line in the highway. Looking northerly, the highway at this point was slightly downgrade. The plaintiff stopped directly across from the Little Shop intending to make a left turn to go into the shop after a car approaching from the opposite direction had passed.

At the place of the accident there was a curbing and sidewalk on the right-hand side of the highway. The plaintiff flashed her rear light for stopping and signalled to make a left-hand turn to go into the Little Shop. The defendant saw the rear light and signal when her car was about three lengths, or fifty feet, behind the Mattison car. Both cars had been going about fifteen miles per hour before the plaintiff gave these signals.

The defendant had trailed plaintiff's car for some distance. On seeing the signals given by the plaintiff the defendant testified that she applied her foot brake which failed to function, going all the way to the floor, and she then pumped the foot brake without results. She did not however apply or use the hand or emergency brake. It was half a minute after the defendant found that her foot brake did not work until the impact of the two cars.

At the time of this accident the defendant was driving a 1950 Studebaker owned by her mother. The defendant's home was located about a block west of Route 7 on the West Road. The defendant lived

on the east side of the West Road. In the morning of June 9, 1956 the Smalley car was in the driveway and the defendant backed it out of the driveway, stopped, and headed north along the West Road. She then slowed down and made a right hand turn into a dirt road. She then proceeded along the dirt road until it met Route 7, and then stopped before entering Route 7. She then proceeded north on Route 7. On each occasion of stopping and slowing down the defendant testified that the brakes worked perfectly. The Smalley car had passed state inspection in the spring prior to June 1956, and had been driven to Saratoga Springs, N. Y. by the defendant, as well as by her mother, the week before the accident and at that time there was nothing wrong with the car.

The defendant first observed the plaintiff's car when approximately opposite P. T. Motors located southerly of the Little Shop a distance of about one-fourth of a mile. Plaintiff's car was then three or four lengths ahead of the defendant's automobile. As a result of the collision, plaintiff's car was pushed northerly about ten feet. The defendant testified that she did not go to the left of the Mattison car because of an automobile coming south, nor to the right on account of the curbing and tree located on the right hand side of the road. When the two cars finally came to rest the front of the Smalley car was one or two feet from the rear of the Mattison automobile. No question as to the contributory negligence of the plaintiff is presented.

■ Exceptions taken by the defendant on her motion for a directed verdict, made at the close of the plaintiff's case, were waived by thereafter continuing with the trial. *Kinsley* v. *Willis,* 120 Vt. 103, 107, 132 A.2d 163; *Hobbs & Son* v. *Grand Trunk Railway Co.,* 93 Vt. 392, 397, 108 A. 199. In passing upon the motion for a directed verdict, made at the close of all the evidence, and the motion to set aside the verdict, it is sufficient to say that the evidence must be taken in the light most favorable to the prevailing party and the effect of modifying evidence is to be excluded. *Jones* v. *Jones Estate,* 121 Vt. 111, 117, 149 A.2d 738; *O'Brien* v. *Dewey,* 120 Vt. 340, 346-347, 143 A.2d 130; *Shanks* v. *Lavallee,* 118 Vt. 433, 434, 111 A.2d 808.

■ In denying these motions of the defendant, the court ruled as a matter of law that the evidence, viewed in the light most favorable

to the plaintiff, tended to support a plaintiff's verdict. *Dashnow* v. *Myers,* 121 Vt. 273, 278, 155 A.2d 859; *Dessereau* v. *Walker,* 105 Vt. 99, 101, 163 A. 632.

In support of these two motions the defendant claims that she was caught in a trap, and that the unexpected failure of the brakes was the sole proximate cause of the accident. She urges that there was no negligence on her part and that the accident was unavoidable.

■■ To be an unavoidable accident as to the defendant, it must have occurred without any proximate cause on her part. The test of liability is not whether the injury was accidental, but whether the defendant was at fault. *Larrow* v. *Martell and Cobb,* 92 Vt. 435, 437, 104 A. 826. The court gave the usual charge that the burden of proof was with the plaintiff to show negligence on the part of the defendant as the proximate cause of the accident, and failing this, the verdict must be for the defendant. This eliminated the possibility of a recovery if the jury should find an unavoidable accident. *Larrow* v. *Martell and Cobb, supra.* Moreover, the court adequately charged on the rule of sudden emergency.

■■ In moving to set aside the verdict by claiming unavoidable accident as a defense, the defendant urges that there was no evidence to support the verdict; that there was no substantial evidence that the defendant had any knowledge of any defect in the braking system or that the accident resulted from any negligent act or omission on the part of the defendant which was a proximate cause of the accident. This defense is nothing more than a denial by the defendant of negligence, or a contention that his negligence, if any, was not the proximate cause of the accident. *Butigan* v. *Yellow Cab. Co.,* 49 Cal. 2d 652, 320 P.2d 500, 65 A.L.R.2d 1. The defendant admitted that she had an emergency brake, but that she did not use it. In the light of the circumstances the jury could have taken the view that the defendant failed to use the means at hand to avert the accident. Further, it was within the province of the jury to consider the distances the cars travelled after the impact as bearing upon speed and lack of control on the part of the defendant, as well as the weight to be given her testimony. *Page* v. *McGovern,* 110 Vt. 166, 171, 172, 3 A.2d 543. No error appears in the denial of these motions.

■■ During argument to the jury by plaintiff's counsel the following objection was made by defendant's attorney:

"Object to the argument asking for certain moneys, damages in dollars and cents. That's the province of the jury. We would like to have the record show we object."

The office of an exception is to preserve a known or supposed right taken on a hostile ruling. *In re Moore,* 113 Me. 195, 93 A. 180, 181. To save a valid exception to argument there must be an objection stating the language of the argument objected to, and the specific grounds of the objection must appear. *State* v. *Wood,* 121 Vt. 49, 51, 147 A.2d 678, and cases cited. In the light of the foregoing, the objection is too general and without merit.

This case was tried with the companion case of *Leo J. Mattison* v. *Sylvia Smalley, post,* p. 120, in which the plaintiff, husband of the plaintiff here, sought special damages by reason of the accident. The defendant took exceptions to the court's statements in its charge that Thelma R. Mattison was suing for $20,000. damages in her action, and that Leo J. Mattison was asking for $12,000. damages in his action.

■ In negligence cases, as is well known, the amount of damages alleged in the complaint is ordinarily in excess of the sum which the plaintiff expects to recover, and is certainly not a standard for estimating the damages. It is not evidence, nor proof of the amount due a plaintiff. While such practice should not be countenanced it does not, however, constitute reversible error unless it appears that a party to the action was prejudiced thereby. *Reuter* v. *Olsom,* 79 N. D. 834, 59 N.W.2d 830.

In this case the plaintiff obtained a verdict of $10,000. which was based on evidence of two disc herniations, two separate operations, confinement in the hospital from July 27, 1958 to November 23, 1958, development of phlebitis, pain and suffering continuing over a period of three years and permanent disability of ten to fifteen percent. Her life expectancy was 29.35 years.

In the companion case the husband, Leo J. Mattison, was awarded a verdict for $6,000. There was evidence of $5,227.27 for medical bills, household help, etc., and $700. minimum as loss of earnings.

No complaint is made that the amount awarded in either case was excessive. Considering the seriousness of Mrs. Mattison's injuries, and the consequential damages on the part of her husband, Leo J. Mattison, we cannot say that there was any unfairness in the verdicts, nor that the defendant was prejudiced in either case by the remark made by the court.

The defendant requested the court to charge the jury as follows:

"If you find that the defendant was in the exercise of due care in the circumstances, and had her car under control, and if you find that the sudden failure of the brakes on the defendant's car was the sole proximate cause of the accident, and if you find that the defendant had no knowledge of any defect in the brakes previous to the accident and could not in the exercise of reasonable care have discovered any defect before and up to the time of the accident, then your verdict must be for the defendant."

In disposing of this exception we are again confronted with substantially the same questions presented in the defendant's motions heretofore disposed of, and a reiteration of the reasons given in our disposition of the same would serve no useful purpose. Furthermore, a fatality in this request is that it presupposes the exercise of due care under the circumstances after knowledge was brought home to the defendant that the brakes were ineffective, notwithstanding the fact that the emergency brake was available and not used. The denial of this requested instruction did not constitute error.

The defendant also requested the court to charge the rule relating to sudden peril or emergency. This the court did, however the defendant urges that the charge failed to relate the rule to the circumstances of the case, and more particularly that the jury could find that the defendant was excused for not applying the hand brake in that she was taken by surprise and that a sudden emergency existed. The court in its charge called attention to the defendant's failure to use the hand brake as a means at hand and also stated that * * * "if you find that the brakes on Miss Smalley's car suddenly failed to respond and the defendant had no knowledge previously of any defect in the brakes, then the defendant was placed in a position of sudden peril * * *." and concluded its remarks on sudden peril by stating that when "* * * one is confronted by a sudden peril through no fault of

his own he is not held to the exercise of the same degree of care as when he has time for reflection." The court substantially complied with this request. A literal compliance is not required. A court may select its own language for instructions and the extent of elaboration of points is within the discretion of the court. *O'Brien* v. *Dewey,* 120 Vt. 340, 347, 143 A.2d 130; *McKenna* v. *McDonald,* 111 Vt. 60, 63, 10 A.2d 208. The exception is without merit.

We now discuss the final exception to the court's charge. In calling the jury's attention to the failure of the defendant to use the emergency brake, as a means at hand, the court in part charged: "* * * it is not a sufficient exercise of diligence by the driver of an automobile when he sees he is about to collide with a vehicle of any kind to use one of the methods at hand for avoiding a collision and when he sees it is not going to have the desired effect sit helpless or careless and fail to use the other means at hand." We view this declaration as good common sense. See *Russell* v. *Electric Garage Co.,* 90 Neb. 719, 720, 134 N.W. 253. By the defendant's testimony an estimated thirty seconds elapsed between defendant's observation of the stop lights and the collision. It is not beyond the realm of probability that the defendant's failure to apply the hand brake may have influenced the jury's final determination in this case. It was at least an issue for their consideration. Defendant gains nothing by this exception.

*Judgment affirmed.*