## Billie C. Rae v. Green Mountain Boys Camp et al
[ 175 A.2d 800 ]

September Term, 1961

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed November 7, 1961

438

*Ryan, Smith & Carbine* for the plaintiff.

*Theriault & Joslin* for the defendants.

**Smith, J.** The question presented to us in this case is whether an injury suffered by the plaintiff arose out of and in the course of his employment by the defendant boy's camp under the provisions of 9 V.S.A. §618, a part of the Workmen's Compensation Act.

The Commissioner of Industrial Relations found that the injury to the plaintiff did not arise out of and in the course of his employment. The case was then appealed to the Rutland County Court by the plaintiff. 9 V.S.A. §670. A jury trial resulted in an affirmative finding by the jury that the injury to the plaintiff arose out of and in the course of his employment. From this verdict, and the resulting judgment, the defendants have brought the case here in compliance with 9 V.S.A. §672.

The motion by the defendants in the lower court to set aside the jury verdict and to enter judgment for the defendants in accordance with the defendants' motion for a directed verdict is based on three grounds. The first ground is that the verdict is against the weight of the evidence, the second ground is that it is not supported by

the evidence, and the third ground is that the verdict is contrary to the evidence. Grounds 1 and 3 are addressed to the discretion of the trial court. No showing of abuse of discretion is shown on the record before us, nor do the defendants make such claim in their brief. The ruling by the trial court on these two grounds must stand. *Langevin* v. *Gilman,* 121 Vt. 440, 447, 159 A.2d 340.

By the ruling of the trial court denying defendant's motion on the ground advanced, that the verdict was not supported by the evidence, the lower court ruled that as a matter of law the evidence, viewed in the light most favorable to the plaintiff, tended to support a plaintiff's verdict. *Mattison* v. *Smalley,* 122 Vt. 113, 117, 165 A.2d 343 ; *Dashnow* v. *Myers,* 121 Vt. 273, 278, 155 A.2d 859. The ruling of the trial court must be sustained if the evidence taken in the most favorable light for the prevailing party fairly and reasonably tends to support the verdict. *Laferriere* v. *Saliba,* 119 Vt. 25, 30, 117 A.2d 380.

The evidence presented by the plaintiff is that he was employed as a horseback riding instructor by one George Duboff at the defendant boy's camp managed by George and his brother, Samuel Duboff, for the season of 1956. Among other duties, the plaintiff had the job of organizing a horseshow at the camp which was held on July 28, 1956. This responsibility included the obtaining of individuals from outside the camp to act as judges of the various events in the show. One of these judges, who were not to be compensated for their labors, was a Miss Brundage. This lady was a riding instructor at a girl's camp situated some twenty miles away from the Green Mt. Boys Camp where the plaintiff was employed.

The horseshow on the 28th of July was not completed. Due to the unfortunate circumstance that several of the youthful riders and their mounts became violently separated during the events, Mr. Samuel Duboff stopped the performance. However, the plaintiff was informed by Mr. George Duboff that the show would be continued at a later date and that it was his duty to again obtain judges for the postponed event.

On August 7th, which was a day off for the plaintiff from his camp duties, he drove to Camp Kinnikinnic with the purpose of again obtaining Miss Brundage as a judge for the continuation of the horseshow. He was informed at the camp that Miss Brundage was down at the camp stables.

The plaintiff then went to the vicinity of the stables where he waited for some period of time until Miss Brundage appeared. He engaged her in a general conversation relative to her serving again as judge at the horseshow, during which time she was employed in bandaging the leg of a horse. At her request the plaintiff held the reins while Miss Brundage was bent over applying the bandage. At or about the time that the lady agreed to the plaintiff's request to again act as judge the horse threw up its head and hit the plaintiff in the face, inflicting the injuries for which he seeks compensation.

In the case of *Rothfarb* v. *Camp Awanee, Inc.,* 116 Vt. 172, at 176, 71 A.2d 569, former Chief Justice Jeffords, writing the opinion for the majority of the Court, stated: "an injury arises out of an employment when it occurs in the course of it and as the proximate result of it. When an injury is a natural and necessary incident or consequence of the employment, though not foreseen or expected, it arises out of it."

The defendants in argument admit that viewing the evidence in the light most favorable to the plaintiff there is no doubt that the injury suffered by the plaintiff occurred "in the course of" plaintiff's employment by the defendant camp. The question which we must answer is thus narrowed down to determine whether the injury to the plaintiff arose "out of" such employment under the facts just presented.

Each case must be decided on its individual facts. "A risk is incidental to the employment when it belongs to it, or is connected with what a workman has to do in fulfilling his contract of service." *Rothfarb* v. *Camp Awanee, supra,* at 180.

The service the plaintiff was performing for his employer in this case was to secure the gratuitous aid of Miss Brundage at the horseshow. The act of holding the horse by the reins was at the request of Miss Brundage, and for her benefit. It was an act that, standing by itself, was outside of the plaintiff's employment, or in the regular course of his duties for his employer. However, a different aspect appears if we examine the purpose of the act in connection with the mission of the plaintiff upon which he had been sent by the employer.

His task was to obtain the unpaid services of Miss Brundage for his employer. The willingness of one person to perform unremunerated services for another is based upon the existence of good will between them. We think it can hardly be doubted that if the plaintiff had refused to perform the service requested of him by Miss Brundage

her feeling of good will toward the plaintiff and his employer would have diminished appreciably. The performing of the act requested was a courtesy which would foster the good will of Miss Brundage not only toward the plaintiff, but toward the employer who sought her acquiescence to an act of good will on her part.

"In deference to the broad and liberal interpretation to be accorded workmen's compensation laws the courts have expanded the concept of 'arising out of employment' to include acts normally outside the employment performed for the benefit of third persons but the effect of which is to foster public good will toward the master." *Green* v. *DeFuria*, 19 N. J. 284, 290, 295-296, 116 A.2d 19, at p. 22.

The same principle of fostering good will is applicable as applied to an individual rather than to the public in general when the act of an employee for the benefit of a third person is to advance his employer's work. 99 C.J.S. Workmen's Compensation, §244, p. 752. No error appears in the denial of the motion.

The defendants have also briefed an exception to the instructions given to the jury by the trial court. An examination of the record, however, discloses that an exception was not taken to any part of the charge that had been delivered by the court, but was in the nature of a request to charge "a little more in detail" that an employee engaged in activity solely for his own pleasure is not engaged in work under a contract of employment and is not protected by the provisions of the Workmen's Compensation Act. No such request to charge was made by the defendants to the court as required by County Court Rule 30.

For the reason that our rule requires the trial court to instruct the jury on every material and essential element of the case indicated by the evidence, even in the absence of a request, we have examined the instructions delivered by the trial court to the jury. *Blondin* v. *Carr*, 121 Vt. 157, 161, 151 A.2d 121. Measured by its full context and meaning we find that the law applicable to the case was correctly stated. The extent of the elaboration of the various points contained within the charge is within the discretion of the court. *Ploesser* v. *Burlington Rapid Transit Co.*, 121 Vt. 133, 139, 149 A.2d 728; *Mattison* v. *Smalley*, 122 Vt. 113, 120, 165 A.2d 343. No error is found.

*Judgment affirmed. Let the result be certified.*