## Linda Holmquist v. Mental Health Services of Southeastern Vermont and St. Paul Insurance Company

[420 A.2d 108]

No. 433-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 8, 1980

*William M. Dorsch* and *Fletcher D. Proctor* of *Dorsch & Hertz,* Brattleboro, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendants.

**Larrow, J.** Plaintiff Holmquist, an employee of defendant Mental Health Services of Southeastern Vermont (Mental Health Services) sustained physical injuries in an auto accident while returning home from a function held at the home of a member of the defendant's board of trustees. Her resultant claim for benefits under the Workmen's Compensation Act, 21 V.S.A. §§ 601–709, was resisted by the employer and its insurer, St. Paul Insurance Company, on the ground that the injury was not received in the course of employment within the purview of 21 V.S.A. § 618. The Commissioner of Labor and Industry ruled in favor of the claimant, and the defendants appealed to the Windham Superior Court. Certified to that court by the Commissioner was the question of whether or not the injury arose out of and in the course of claimant's employment. The superior court jury answered that question in the affirmative, and defendants have appealed the resulting judgment against them to this Court. They here argue that a negative answer to the certified question should

have been directed, and that there was error in the instructions of the court to the jury.

■ The respective positions of the parties are well summarized by the characterization they give to the function in question. The defendants call it a "social gathering" or "picnic" while the claimant terms it a "meeting" for the benefit of the employer. Were the evidence wholly one way or the other on this point decision would be easy. But it is not, and under our familiar rules, we must examine it in the light most favorable to claimant, who prevailed below. *Rae* v. *Green Mountain Boys Camp*, 122 Vt. 437, 439, 175 A.2d 800, 801 (1961).

■ So viewed, the evidence supports the answer of the jury to the certified question. The function was indeed informal, with many social aspects. It was held at the well-appointed home of a member of the Mental Health Services board of trustees. Although not specifically authorized by board resolution, it was discussed in advance by several members of the board, including its president. The agency had been experiencing severe morale and personnel problems, and the decision was made by the several members to organize an informal meeting for the agency board, administration and staff. All were to be invited and encouraged to attend, although without compensation or reimbursement. A notice went out to all concerned through agency channels. The area director encouraged attendance and stressed the importance of the meeting to the agency. Although much of the activity was social, and no payment of expenses by the employer itself was involved, the agency's business and problems were a major conversation topic at the meeting, and claimant participated in the discussion. No benefit accrued to the employer from the social activities, but there was employer benefit from the conversations and discussions, and from the informal contacts between personnel. On her way home from the meeting, claimant suffered the accidental injuries which triggered these proceedings.

Stressing the lack of "formal" sponsorship of the event by the employer, the absence of "formal" action urging attendance, nonpayment of expenses by the corporation, and the fact that attendance was not a job requirement, defendants'

claim that a verdict should have been directed in their favor. A majority of jurisdictions are claimed to support their view, and they urge that we follow those jurisdictions in the absence of Vermont cases directly in point.

■■ It is of course true that we have no cases in this jurisdiction involving precisely the unique facts present in this one. Nor have we been pointed to any cases in other jurisdictions exactly in point. Suffice it to say that there is a wealth of decisions from which the parties here can argue by analogy and comparison to support their respective points of view. Extensive analysis of them would serve no useful purpose. We are convinced that the language and rationale of decided cases under our own statute justified the submission of the principal issue here to the trial jury. It is not for us to say whether we would have reached the same result if we were the triers of fact. *Kenney* v. *Rockingham School District*, 123 Vt. 344, 348, 190 A.2d 702, 704–05 (1963). The result below is not an irrational one, and must be sustained. As ably stated by the late Chief Justice Hulburd: "[W]e are looking at the employee's employment through a wide-angle lens and not with the restricted focus used in earlier cases." *Id.* at 349, 190 A.2d at 705.

*Kenney* sustained an award for a claimant school teacher, taking classes from another in her own classroom, who stayed after class to clean up the premises and sustained an injury while leaving the building. Although the court found it "easier" to sustain the award because the injury occurred on the employment premises, it made clear that the rationale of recovery was an act outside the employee's regular duties undertaken in good faith to advance the employer's interest, whether or not it furthers the employee's own assigned work. *Id.* at 348, 190 A.2d at 704. Here there was evidence that the employee's own work was in fact furthered, as well as the general interests of the employer. And "good faith" was evidenced by the receipt of the notice through corporate channels. Whatever the requirement for corporate contracts, precise formality of corporate board action is not a requisite to good faith reliance upon apparent company policy. Further, the *Kenney* court cited with approval *Mann* v. *Board of Education*, 266 Mich. 271, 253 N.W. 294 (1934), sustain-

ing an award for injuries received by a high school principal attending, voluntarily, a state university to confer with previous graduates of his school on invitation of the university registrar. That case held the activity incidental to employment. Authorization by the employer is not, under *Mann* and *Kenney*, a necessary prerequisite. *Kenney* v. *Rockingham School District, supra,* 123 Vt. at 347, 190 A.2d at 704.

Similarly, in *Rae* v. *Green Mountain Boys Camp, supra,* this Court took the broad view that holding a horse's reins for a person to whom the employee had been sent on employer business arose out of the employment, as fostering good will toward the employer. While it is true that that case involved interpretation of the phrase "arising out of" the employment rather than "in the course of" the employment, its general principles are applicable here. The fostering of good will on the part of third persons can scarcely be more important than the fostering of morale and good relationships among the corporate employees themselves vis-a-vis the employer.

In *Rothfarb* v. *Camp Awanee, Inc.,* 116 Vt. 172, 71 A.2d 569 (1950), a divided Court denied recovery in a "bunk house" case which might well today reach a different result. Nevertheless, the Court sustained compensation for injuries sustained by an employee performing acts for the mutual benefit of himself and his employer, even though advantage to the employer was slight. *Id.* at 178, 71 A.2d at 573.

With no serious question that these injuries arose out of the employment, we are convinced that under any but the most regressive view, which we are not inclined to follow, they also arose in the course of the employment, under the view of the evidence favorable to the claimant. There was, as we have stated, a jury issue. Upon the evidence that attendance at the meeting was encouraged by the claimant's superiors, was at least in part for the mutual benefit of employer and employee, and was in good faith, the affirmative answer to the submitted question is supportable.

█ Defendants also assign error in the instructions of the trial court to the jury. Objections to the instructions were voiced at the charge conference held under V.R.C.P. 51(b) and were renewed at the conclusion of the instruc-

tions. Although lengthy, these objections were far from specific, as required by the rule. They alluded to a "shortage" in the charge and a need to deal with "every essential element" of employment relationship. Reference was also made to a lack of authorized action by an appropriate officer in directing attendance at the meeting. Specific changes in the instructions were not requested. Such objections are insufficient to bring the claimed errors before this Court. *Paton* v. *Sawyer*, 134 Vt. 598, 602–03, 370 A.2d 215, 218 (1976); *Rae* v. *Green Mountain Boys Camp, supra*, 122 Vt. at 441, 175 A.2d at 802–03. Moreover, the matters generally discussed at the charge conference were, in substance, the same claims and contentions which we have already considered at length in disposing of defendants' motions for directed verdict. An examination of the charge as a whole reveals that the law as stated by the trial court to the jury was in substantial agreement with the views which we have expressed. Defendants' briefing of the claimed errors in the charge refers to no cases other than those cited for direction of the verdict. With specific objections lacking, and substantial accuracy present in the instructions as given, no error is made to appear.

*Judgment affirmed.*