Hillsborough, ⎰
　Dec., 1898. ⎱

### BURKE & a. v. MILLIKIN & a.

A devise of an estate for life, " without rent or payment of any kind except taxes," does not exempt the life tenant from the obligation to make necessary repairs.

Where a will provides that a remainder after an estate for life shall become the property of the legal heirs of the testator, divides the residue equally among certain distributees, and recites that nothing is devised to heirs-at-law specifically named " because they are well provided for," the heirs so named are not entitled to share in the remainder.

BILL IN EQUITY, by the executors of the will of Augustus G. Reed, to obtain the direction of the court concerning a request of Hannah C. Morse that repairs be made upon the homestead

buildings devised to her for life under clause eleven; and by
Harriet F. Wallis, Abbie M. Beede, and Helen A. Baldwin for a
construction of the will, to determine whether they take under
clause eleven as "legal heirs," or are cut off under clause thir-
teen.    Facts agreed.

The testator, after providing for the payment of debts and
sundry legacies, disposed of the remainder of his estate as
follows :

"*Eleventh.*   To Hannah C. Morse of said Nashua, a life lease
of my homestead situate on Prospect street in said Nashua,
thereby intending to give the occupancy, use, and control of said
premises to her without rent or payment of any kind except
taxes to my estate during her life.   The said premises upon her
decease to become the property of my legal heirs.

"*Twelfth.*   All the rest, residue, and remainder of my estate,
real, personal, or mixed, wherever situate, I give and devise as
follows: To be divided equally, share and share alike, among
the following named persons: To Mary Ann Millikin of Ac-
worth, N. H., to George W. Reed of Kansas, to Augustus G.
Reed, son of said George W. Reed, to Addie M. Carr, daughter
of said George W. Reed, to the child of John Reed, deceased,
and son of George W. Reed, to the widow of my brother, late of
Nashua, Henry H. Reed, lately deceased, and his six daughters.

"*Thirteenth.*   To my sister Harriet F. Wallis of Boston, and
the widow and two daughters of my deceased brother Elbridge
G. Reed, I devise nothing, because they are well provided for."

The homestead buildings require certain repairs to prevent
them from going to decay.   The testator's heirs-at-law consist of
one brother, two sisters, one of whom is Harriet, and eight
nieces, two of whom are Abbie and Helen, daughters of Elbridge
G. Reed.

*Bertis A. Pease,* for the executors.

*Henry B. Atherton,* for Harriet F. Wallis, Abbie M. Beede, and
Helen A. Baldwin.

*Jeremiah J. Doyle,* for Hannah C. Morse.

PIKE, J.   1.   "There are duties as well as rights incident to
every estate for life which the tenant thereof is bound to ob-
serve."   1 Wash. R. P. (5th ed.) *95.   They must pay the cus-
tomary taxes assessed upon the premises (*Bodwell* v. *Nutter,* 63
N. H. 446, 448, and cases cited), and use ordinary care to prevent
the buildings from going to decay.   *Wilson* v. *Edmonds,* 24 N. H.
517, 545 ;   *Peirce* v. *Burroughs,* 58 N. H. 302, 304.   The devise to
Hannah of a "life lease" of the homestead, "thereby intending

to give the occupancy, use, and control of said premises" during her life, gave her an estate for life (*McClure* v. *Melendy*, 44 N. H. 469, 471; *Wood* v. *Griffin*, 46 N. H. 230, 234) which carried with it all the burdens of such an estate, notwithstanding the expression "without rent or payment of any kind except taxes to my estate during her life." Exempting the life tenant from liability to pay rent, or to make any other payment to the estate, did not exempt her from making necessary repairs upon the property and preventing waste; and there is nothing in this expression which makes her duties any less than they would have been had it been omitted. She is to perform the duties of a life tenant, and must therefore make the necessary repairs at her own expense.

2. Harriet, Abbie, and Helen take nothing under the will. The language used by the testator in the last sentence of clause eleven is general in its nature. The names of his "legal heirs" are not mentioned or enumerated. Evidently, it did not occur to him, when this clause was framed, that the words here used included those to whom he did not wish to leave any of his estate, — those that were "well provided for." He wished to leave Hannah an estate for life, and, in a general way, desired the remainder "to become the property of his legal heirs." The individuals who composed his "legal heirs" were not then before his mind. In the twelfth clause he divided the remainder of his estate among objects of his bounty whom he specifically named, and this undoubtedly called to mind the financial condition of his sister Harriet and his two nieces, Abbie and Helen, the daughters of his brother Elbridge. He then recognized that they were "well provided for" and concluded to leave them nothing. To his mind, it appeared that they had property enough, and he used language in the thirteenth clause to express his intention in regard to them, concerning which there can be no question.

*Case discharged.*

All concurred.