Merrimack,
No. 4544.

ARTHUR S. PATEY & *a. v.* ROY W. PEASLEE.

Argued January 2, 1957.

Decided April 30, 1957.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Stanton E. Tefft* (*Mr. Tefft* orally), for the plaintiffs.

*Orr & Reno* and *Charles H. Toll, Jr.* (*Mr. Toll* orally), for the defendant.

PER CURIAM. The defendant maintains that since the original petition had gone to judgment, it was not subject to amendment. See Superior Court Rule 57, 99 N. H. 617. The issue of the pendency of the action was before the Trial Court at the time of the hearing, and it cannot be assumed that the status of the action was ignored. Since the order permitted the amendment, a preliminary order vacating the judgment of dismissal is to be implied. See *Chabot* v. *Shiner*, 95 N. H. 252, 255. Such an order was within the authority of the court. *Lyford* v. *Academy*, 97 N. H. 167; *Bussey* v. *Bussey*, 94 N. H. 328, 329. The defendant was not

prejudiced, since a new action would not have been barred by limitations had the motion been denied.

The defendant argues that the plaintiffs are barred under the doctrine of *res judicata* because the issues now raised were decided on the former transfer. *Patey* v. *Peaslee, supra*. But there it was expressly stated that the question of whether "ordinary fraud" (*Heath* v. *Heath,* 85 N. H. 419, 430), although insufficient to warrant a decree of annulment, might yet justify the imposition of a constructive trust on the property inherited by the defendant was "an issue not presented in this case." *Patey* v. *Peaslee, supra,* 339. The issue previously determined was whether the petition stated a cause for annulment of the marriage. The amended pleadings raise the issue of whether a cause is stated for the imposition of a constructive trust. These issues are distinct, and since the issue now presented has not been litigated, the doctrine of *res judicata* does not apply. *Laconia Nat. Bank* v. *Lavallee,* 96 N. H. 353, and authorities cited.

The amended allegations charge in substance that, knowing that the decedent was possessed of property of substantial value, and was of unsound mind and suffering from physical disabilities from which she would shortly die, the defendant entered into a marriage with her, intending at her death to marry another woman with whom he had been in communication and whom he in fact married shortly after the death of Winifred. They further charge that in entering into the marriage with Winifred the defendant concealed from her his sole purpose in doing so, which was to become a beneficiary of her estate, and that he thereby committed a fraud upon her and upon the plaintiffs, as her heirs-at-law. We are of the opinion that the amended petition states a cause of action for equitable relief, and that the ruling that it did, which the reserved case states was implied by the action of the Trial Court, should be sustained.

The defendant urges that the relief sought would violate the requirements of the statutes of descent and distribution under which the defendant is entitled to a specified share of the decedent's estate in the absence of proof that at the time of her death she was justifiably living apart from him because he had been guilty of conduct constituting a cause for divorce. RSA 560:12, 13, 18, 19. The argument disregards the nature of a constructive trust. The plaintiffs do not now seek to prevent inheritance by the defendant but rather to require him to hold for their benefit the property

which he acquires under the statute. See *Colby* v. *Colby*, 96 N. H. 452. The statute will operate to vest title in the defendant. The question of whether he shall be required because of tortious conduct to hold that title for the benefit of the plaintiffs is independent of and unrelated to the statute under which he takes. In the language of one of an analogous class of cases, establishment of a constructive trust will "not interfere with any vested legal rights" but will give effect to equitable rights of others where "the legal title to property was obtained through means or under circumstances which rendered it unconscionable for the holder of legal title to retain and enjoy the beneficial interest." *Vesey* v. *Vesey*, 237 Minn. 295, 301.

The principle upon which the plaintiffs' claim is founded has long been recognized, and is stated by Pomeroy as follows: "In general, whenever the legal title to property, real or personal, has been obtained through actual fraud . . . concealments, or through . . . taking advantage . . . or under . . . circumstances which render it unconscientious for the holder . . . to retain and enjoy the beneficial interest, equity impresses a constructive trust . . . in favor of the one . . . equitably entitled." 4 Pomeroy's Equity Jurisprudence (5th *ed.*) *s.* 1053.

The principle rests upon the doctrine that restitution will be compelled to prevent unjust enrichment. As stated in the Restatement of the Law, Restitution, *s.* 133(1): "A person who has committed a tort against another by obtaining property through fraud, duress or undue influence upon the transferor, thereby knowingly preventing the other from acquiring the property, is under a duty of restitution to the other." See also, *Id., comment* a; *s.* 166, *comment* d; *s.* 169, *comment* c; *Morgan* v. *Morgan*, 94 N. H. 116, 119.

Since the transfer to the defendant did not occur during the lifetime of his former wife, it is obvious that no action could have been brought by her to recover it or to prevent the defendant from taking his statutory share as her widower, short of an action for annulment of the marriage, which under the prior decision of this court could not have been maintained. *Patey* v. *Peaslee, supra.* The defendant argues that the plaintiffs should not be accorded greater rights than the decedent herself would have had. Her disability to obtain an annulment, like that of the plaintiffs, resulted from the public policy of upholding marriages in the absence of fraud as to matters essential to the marriage relation.

*Heath* v. *Heath,* 85 N. H. 419, 425, 426. Had the transfer been made during her lifetime, however, an action to impose a constructive trust might have been maintained by her. See *Miethe* v. *Miethe,* 410 Ill. 226. Since it occurred on her death, the wrong was to the plaintiffs. The fact that it was impossible for the decedent to bring an action during her lifetime affords no reason for denying the plaintiffs a remedy.

The plaintiffs by their amended petition take upon themselves a heavy burden of proof. They must establish by clear and convincing proof (*Ibey* v. *Ibey,* 93 N. H. 434, 436; *Chabot* v. *Shiner, supra*) the existence of a confidential relationship between the defendant and the decedent in which the defendant occupied a dominant position; and that he used this position, either by concealment of his purpose or by undue influence, to procure the marriage solely to obtain the decedent's property. *Manos* v. *Papachrist,* 199 Md. 257; *Miethe* v. *Miethe,* 410 Ill. 226; *Small* v. *Nelson,* 137 Me. 178; 3 Bogert, Trusts & Trustees, *s.* 482. *Cf. Stewart* v. *Hooks,* 372 Pa. 542. They must further prove that the decedent was thereafter incompetent to dispose of her property, so that but for the marriage it would have gone to the plaintiffs by intestacy; or if she was competent, that she would have made no other disposition of it. If the plaintiffs succeed in maintaining this burden of proof, the burden of going forward will shift to the defendant, to show that the action by which he obtained title to the property was fair, and taken in good faith. *Manos* v. *Papachrist, supra; Hollinger Will,* 351 Pa. 364; *Menary* v. *Whitney,* 244 Iowa 759.

The order upon the present transfer of the case is

*Exception overruled.*

WHEELER, J., took no part in the decision; BLANDIN, J., dissented.

BLANDIN, J., *dissenting:* At the outset, the plaintiffs are faced with the proposition that their original petition having been dismissed without qualification, there was no action pending to amend. *Gove* v. *Lyford,* 44 N. H. 525; Restatement, Judgments, *s.* 50, *comment* c; anno. 106 A. L. R. 570, 571, 572. Our statute (RSA 514:9) provides amendments may be made "in any stage of the proceedings," but here the proceedings were ended. It cannot be presumed, as the majority opinion assumes, that the status of

the action before the Trial Court at the time of the hearing was considered and an order vacating the judgment impliedly made. The reserved case expressly states that the Trial Court ruled in effect that the petition was still pending. There was no motion to vacate the judgment nor any order to that effect. In the absence of such a motion and in the face of the record which says that the Judge ruled that the matter was still pending, I see no reasonable ground for assuming that a preliminary order vacating the judgment of dismissal should be implied.

The plaintiffs in their brief "agree that as the surviving spouse, Mr. Peaslee inherits this property under the operation of the statutes." However, they seek to avoid the results of this situation by arguing that "the constructive trust operates only after Mr. Peaslee has legal title by operation of the statutes." They, therefore, claim that they are not seeking to escape the effect of the statutes as to a husband's rights in his wife's estate. RSA 560:9, 12, 13. The majority opinion adopts this argument. It seems to me that whatever validity this claim might have were the relations of husband and wife not involved (*cf. Morgan* v. *Morgan,* 94 N. H. 116, 119), it should not prevail here. Marriage as a status and its incidents so far as material here have long been held to be the exclusive province of the legislative branch of our government. Its inception (RSA ch. 457), the circumstances in which it may be terminated (RSA ch. 458), and the division of property upon the death of the wife in ordinary circumstances and as affected by the husband's conduct toward her are all controlled by statute. RSA 560:9, 12, 13, 18, 19. It is settled that the jurisdiction of our courts to act in situations involving the marriage status and the rights and obligations which flow from it is statutory. *Veino* v. *Veino,* 96 N. H. 439; *Gove* v. *Crosby,* 98 N. H. 469. In such cases "Common law principles which might produce a different result do not apply." *Fowler* v. *Fowler,* 97 N. H. 216, 217. See also, 29 N. Y. U. L. Rev. 1142, 1144 (1954). The Legislature has been careful to specify only two causes which will deprive a husband of the right to inherit a share of his wife's property (RSA 560:18, 19) and the presumption is that no others were to be included. *Moore* v. *Dailey,* 97 N. H. 278, 279; *Carbonneau* v. *Company,* 97 N. H. 438, 443. Neither of the required causes exists here.

The question before us in the last analysis resolves itself into one of public policy. *Heath* v. *Heath,* 85 N. H. 419; *Patey* v.

*Peaslee,* 99 N. H. 335, 338. It has long been "the consistent opinion of this court" that when a change is to be made in this sphere it is for the Legislature and not the court. *Manchester* v. *Guild,* 100 N. H. 507, 510. While in this state no cases squarely in point have come to our attention, yet the policy as expressed by the Legislature unquestionably favors the husband as against the heirs in matters of inheritance. RSA ch. 560, *supra.* It appears there are substantial reasons to support this view. See *Patey* v. *Peaslee,* 99 N. H. 335, 338; *Vance* v. *Hinch,* 222 Ark. 494; 29 N. Y. U. L. Rev. 1142, 1144, 1145. In *Heath* v. *Heath, supra,* we held that where "the state of the public mind" on a matter of policy is "uncertain," the court would be presumptuous to declare it. *Id.,* 425, 426. Accordingly we dismissed the petition for annulment. In the present dispute the plaintiffs are in an even less favorable position than was the plaintiff in the *Heath* case, since, as previously stated, public policy here as expressed by the Legislature, is not uncertain but favors the defendant husband.

The majority opinion attaches certain legal consequences in the form of a constructive trust to acts arising out of and significant here only because of the marriage relation between the defendant and his deceased wife. This is done it seems to me in the face of an expressed legislative policy that such consequences should not be imposed. The immediate and direct result of impressing a constructive trust here would be to deprive the husband of the use and enjoyment of the property and award it to the heirs. I do not believe the Legislature took pains to assure the husband legal title to portions of his wife's estate only to have the Court through a legalistic device promptly divest him of all their practical benefits and award them to the heirs. I think the petition should be dismissed.