Rockingham
No. 79-382

### EVERETT W. LAMKIN & a.

v.

### BENJAMIN CUTTER HILL & a.

September 3, 1980

*G. Page Brown, Jr.*, of Exeter, by brief for the plaintiffs.

*Dane, Howe & Brown,* of Boston, Massachusetts, by brief for the defendants.

PER CURIAM. This is a bill in equity brought by Everett W. Lamkin and David and Dori Rifkin, as trustees of the Everett W. Lamkin Trust, against Benjamin Cutter Hill and Lee H. Clair. The plaintiffs seek to set aside a deed by Clair that created a joint tenancy in Lamkin and Hill in certain real estate owned by Lamkin in Deerfield. The bill alleged in part that Lamkin did not intend to transfer his interest in his real estate. It further alleged that Lamkin received no consideration therefor and that the transaction resulted from fraud and misrepresentation on the part of Hill.

The Trial Court (*Mullavey,* J.) ruled, however, that plaintiffs' claim that the conveyance was procured through fraud was not supported by the evidence. Rather, the trial court found that the conveyance in question was made through mistake and that it was not intended as a gift. The court therefore imposed a constructive trust upon Hill's interest in the property received under the conveyance.

Defendant Hill maintains that in the absence of fraud, deception, or undue influence on his part, the trial court erred in imposing a constructive trust on the basis of a mere unilateral mistake on the part of Lamkin.

There was evidence that Hill and Lamkin first became acquainted in 1963 when Hill was referred to Lamkin's office in Lynn, Massachusetts, for orthodontry work. At the time, Lamkin was 78 years old and had no immediate family. A friendship developed between the two, and Hill and his wife visited Lamkin occasionally. At some point in 1963 or 1964, Lamkin invited Hill to visit him at his residence in Deerfield, New Hampshire. Hill gradually became a frequent visitor there, during which times he assisted Lamkin in various ways including running errands and performing "carpentry of one kind or another."

Although Lamkin suffered from deteriorating vision due to cataracts, he continued to practice orthodontry and to build and repair clocks as a hobby from 1962 until the commencement of this action in April 1978. The court properly found that Hill was a "Christian Science Practitioner" and for some time attempted to treat Lamkin's eye condition without success. Thereafter, Lamkin underwent two operations which resulted in substantial improvement to his eyesight.

The trial court also made the following findings. In 1967, Lamkin and Hill went to the office of an attorney and at that time

Lamkin signed a deed of Lamkin's Deerfield property to defendant Lee H. Clair, who was the attorney's secretary, and Clair then executed a deed of that property to Lamkin and Hill as joint tenants. About this time, several bank accounts were also placed in the joint names of Hill and Lamkin; however, Hill did not exercise control over these accounts.

The deposition of Lamkin was taken on May 18, 1978, when he was 94 years of age (Lamkin died on December 28, 1978). Lamkin denied knowingly executing the deed to Clair and indicated that he did not intend to grant Hill any present interest in his real estate. He further testified that he did not learn of these deeds until early 1978. This action was instituted soon thereafter.

At some time after 1967 Hill and Lamkin did construct a log cabin upon the premises, which Hill used for his personal and business use. Although Hill paid a portion of the taxes for a number of years, he did not exercise control over the property during the life of Lamkin.

On March 5, 1976, Lamkin conveyed a portion of his Deerfield property by warranty deed to Deene D. Clark and his wife. In September 1976, Lamkin conveyed the remainder of his property to plaintiffs, David and Dori Rifkin, as trustees of the Everett W. Lamkin Trust, which was an irrevocable trust created by Lamkin for his benefit and for others named as beneficiaries upon his death.

The trial court also found the following:

> "It is evident from the facts in this case that Lamkin did not treat his real estate after the 1967 conveyance as being jointly owned with another in that he made a will which devised a life estate to Hill; he conveyed a portion of the property to the Clarks, and apparently paid all of the expenses of the property with the possible exception of the real estate taxes that could be accounted for by the fact that Hill was paying that portion of the taxes which could be attributable to the log cabin."

The trial court further found that:

> "Lamkin testified without qualification that he wanted Hill to receive some interest in his property by will because he was aware of the fact in the event that a will was executed, it could be changed at any time but denied any desire to make Hill a joint tenant."

It is alleged in the bill in equity, and not specifically denied by

the defendants, that in September 1976, Lamkin conveyed all of his Deerfield property to the Rifkins as trustees of the Everett W. Lamkin Trust. Under its terms, after the death of Lamkin, the Deerfield property, except for a small parcel, was to be held for the use and benefit of defendant Hill for his lifetime. Furthermore, certain investment and savings certificates in the trust were to be divided at Lamkin's death as follows: one-half to defendant Hill and one-half to the trustees, or the whole to the survivors. A copy of this irrevocable trust was introduced in evidence as an exhibit.

The following language appears in the trial court's findings of fact:

> "[This court] finds on the basis of clear and convincing evidence that Lamkin did not intend to vest in the defendant Hill any present interest in his real estate nor did he intend that Hill should become the sole owner of the property upon his death.
>
> Due to the confidential and close relationship which existed between the parties, the physical condition of Lamkin, the Court finds that the conveyance was made through mistake and that the evidence is conclusive that Lamkin did not realize that he conveyed the property until he found the deeds on record in 1978. [There was evidence that the Registry mailed the recorded deed to Hill.]
>
> In addition to this it is evident that neither Hill nor Lamkin intended this transaction to be considered as a gift, as no gift taxes or gift return was prepared for the Internal Revenue Service. Further, after 1967 defendant Hill exercised no ownership or proprietary interest in the real estate of Lamkin.
>
> On all the evidence, therefore, the court finds the deed of Everett Lamkin to Lee H. Clair, dated November 8, 1967 recorded in Rockingham County Registry of Deeds, Book 1886, Page 357, and the deed of Lee H. Clair to Lamkin and Hill as joint tenants, dated November 8, 1967, recorded in Book 2010, Page 478, were executed through mistake and the interest of Hill created thereby is impressed with a constructive trust."

Relying on the facts found, the court ordered Hill to convey his interest in the real estate to the plaintiffs.

The transcript of the testimony, the depositions and exhibits introduced in evidence support the findings made by the trial court. Defendant Hill maintains, however, that the trial court misapplied the rule of *Patey v. Peaslee*, 101 N.H. 26, 131 A.2d 433 (1957). That case held that the defendant who concealed his sole purpose in marrying, which was to become beneficiary of his wife's estate, thereby committed a fraud upon his wife and her heirs-at-law that constitutes a cause for equitable relief by the imposition of a constructive trust. Because the trial court in the present case specifically found that the plaintiffs' claim that the conveyance in question was procured through fraud was not supported by the evidence, defendant Hill argues it erred in imposing a constructive trust on the basis of a unilateral mistake.

The *Patey* case recognized, however, that the equitable principle of imposing a constructive trust rests upon the doctrine that restitution will be compelled to prevent unjust enrichment. *Patey v. Peaslee*, 101 N.H. 26, 29, 131 A.2d 433, 436 (1957); *see Cornwell v. Cornwell*, 116 N.H. 205, 208-09, 356 A.2d 683, 686 (1976). "There are no rigid requirements for a constructive trust. . . . A court may impose a constructive trust on property to prevent the unjust enrichment of the person holding title at the expense of another." *Clooney v. Clooney*, 118 N.H. 754, 757, 394 A.2d 313, 316 (1978); *Hartsock v. Strong*, 21 Md. App. 110, 116-17, 318 A.2d 237, 241 (1974).

> "[I]t might be assumed that restitution is appropriate only where the defendant is initially a wrongdoer. This is not quite correct. On the contrary, though there are deviations from the principle, restitution is generally awarded when the defendant has gained a benefit that it would be unjust for him to keep, though he gained it honestly."

D. DOBBS, REMEDIES §§ 4.1 at 224, 11.7 at 756 (1973). "Thus a constructive trust arises where the title to property is acquired through a mistake . . . ." 5 SCOTT ON TRUSTS § 462.2 (3d ed. 1967), *see Hertz v. Klavan*, 374 A.2d 871, 873 (D.C.C.A. 1977); 5 SCOTT ON TRUSTS § 464 (3d ed. 1967); RESTATEMENT OF RESTITUTION § 163, comment b (1937); G. C. and G. T. BOGERT, LAW OF TRUSTS § 77 (5th ed. 1973).

The record warrants the trial court's conclusion that the plaintiffs have proved by clear and convincing evidence that under the circumstances of the case the retention by Hill of the title to

552

Lamkin's Deerfield property in question would result in unjust enrichment to Hill. The trial court therefore correctly imposed a constructive trust upon Hill's interest created by the deed and properly ordered Hill to convey his interest in that real estate to the plaintiffs.

*Decree affirmed.*