Rockingham
No. 81-161

GEORGE A. DUBOIS, SR.

v.

LEONA R. DUBOIS & a.

June 11, 1982

*Shute, Engel and Morse P.A.*, of Exeter (*Lynn D. Morse* on the brief and orally), for the plaintiff.

*Sayer & Kellett*, of Salem (*James A. Sayer, Jr.*, on the brief and orally), for the defendants Leona R. Dubois and Deirdre Dubois.

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* on the brief and orally), for the defendant Kimberly Dubois.

BOIS, J. The issue in this case is whether the Trial Court (*Con-*

*tas*, J.) erred in approving a Master's (*Charles T. Gallagher*, Esq.) recommendation to dismiss the plaintiff's prayer for imposition of a constructive trust on certain real estate owned by his children. We find no error, and affirm.

In 1960, the plaintiff, George Dubois, and his wife, Leona Dubois, acquired real estate in Derry, New Hampshire, as joint tenants. The plaintiff had various medical problems, and suffered severe heart attacks in 1972 and 1973. In 1975, Leona filed a libel for divorce. While the divorce proceedings were pending, the plaintiff decided to undergo a heart bypass operation. Despite his willingness to have the surgery, he had serious doubts about his chances of surviving the operation.

As a real estate broker, the plaintiff knew that Leona would take his half interest in the Derry real estate if he died. He wished to insure that his children would acquire his interest in the property. He therefore consulted with an attorney, who advised him regarding the various means of protecting his children and insulating the property from his wife's potential claims. In July 1976, two months prior to the bypass operation, the plaintiff severed the joint tenancy by deeding his half interest in the real estate to his six children. *See Mulvanity v. Nute*, 95 N.H. 526, 528, 68 A.2d 536, 538 (1949). *See generally Mamalis v. Bornovas*, 112 N.H. 423, 425–28, 297 A.2d 660, 661–63 (1972).

Notwithstanding his dire expectations with respect to the bypass operation, the plaintiff underwent successful surgery on September 16, 1976. More than a year later, when his divorce from Leona became final, he asked his children to deed back their interests in the Derry property. Three of the children agreed to their father's request. The defendants Kimberly and Deirdre Dubois, however, refused to deed back their interests, while the defendant Clayton Dubois was a minor, and therefore lacked the legal capacity to execute a deed.

Because of his inability to reacquire the defendant children's interests, the plaintiff brought a bill in equity in superior court to impose a constructive trust on these interests. As previously mentioned, the trial court approved the master's recommendation to dismiss the petition. The court denied the plaintiff's motion to set aside its decree, and the plaintiff brought this appeal.

■■ A constructive trust following a conveyance of real estate is most commonly imposed when a court finds: an initial promise by the grantee to reconvey the property; a subsequent transfer by the grantor in reliance on that promise; unjust enrichment; and either a confidential or a fiduciary relationship. *See* 1 A. Scott,

THE LAW OF TRUSTS §§ 44.1–.3, at 334–44 (1967). We have held that "a constructive trust will arise when there has been a conveyance of an estate upon [a] promise to reconvey, and the conveyance was procured by fraud, duress or undue influence; or [when as a result of the promise, the conveyance was] made as security for a loan, or between parties standing in a confidential or fiduciary relationship to each other." (Citations omitted.) *Cornwell v. Cornwell*, 116 N.H. 205, 208, 356 A.2d 683, 685–86 (1976); *see Wheelen v. Robinson*, 117 N.H. 1032, 1036, 381 A.2d 742, 745 (1977); *Pleakas v. Juris*, 107 N.H. 393, 399, 224 A.2d 74, 78–79 (1966).

■ A review of the evidence presented to the trial court clearly supports its finding that there has not been, herein, a conveyance to the defendants upon a promise to reconvey, and that the conveyance was not procured by fraud, duress, or undue influence.

The plaintiff argues, however, that the defendants, who shared in a confidential family relationship with him, acquired their interest as a result of a mistaken conveyance, and that they will be unjustly enriched unless a constructive trust is imposed on their interests in the real estate. He relies on *Lamkin v. Hill*, 120 N.H. 547, 551, 419 A.2d 1077, 1079–80 (1980), wherein we held that there were no rigid requirements for a constructive trust and that a court may impose such a trust to prevent the enrichment of one who acquires title to property through a mistake. *See also Milne v. Burlington Homes, Inc.*, 117 N.H. 813, 816, 379 A.2d 198, 199–200 (1977).

■ Even under the broad language of *Lamkin*, we find that the record before us once again supports the master's findings and rulings. The attorney who represented the plaintiff testified that his client made an informed conveyance to his children. He introduced into evidence a "Memo to File" dated July 16, 1976, which stated in pertinent part:

> "1. ON July 9, 1976, I met with George Dubois in my office. He wants to draw up a deed to terminate joint tenancy. I discussed with George the fact that if the property is deeded to the children, that it will require a guardianship of the children to get it back to him. His concerns seem to be founded around the fact that he is not going to survive and so he would rather have the children get his share now rather than a straw."

The master found that the plaintiff, an experienced and sophisticated real estate broker, "weighed the factors which his attorney

explained and deliberately chose to deed his interest . . . to his children." This finding, which refuted the plaintiff's claim that he had mistakenly conveyed the property, was plainly within the province of the trier of fact. *See New Hampshire Supply Co. v. Steinberg*, 121 N.H. 506, 509, 433 A.2d 1247, 1249 (1981).

■ The master could also have found, as he did, that no unjust enrichment resulted from the transfer of the property. The evidence indicated that the plaintiff's children had a well-deserved stake in the real estate. The defendant daughters testified that they refused to reconvey the property because they believed they had earned their share in return for labor contributed in converting the little cottage into a more substantial dwelling place, for which a $74,000 purchase offer had been refused. In addition, two of the sons, who had reconveyed their interests to the plaintiff, testified that, although they had not contributed to the payment of expenses such as taxes, mortgage obligations, or insurance, they had performed considerable labor for their father. One son testified that the plaintiff owed him $4,500 for his labor and had promised to pay him this sum. The other son testified that he had also worked on various projects for his father, and it can be inferred from his testimony that he had reconveyed his interest because his father was still supporting him and paying for his college education. On these facts, we cannot say that the master erred in rejecting the plaintiff's claim of unjust enrichment.

■ The only issue presented to and tried before the master was the prayer that a constructive trust be imposed in the plaintiff's favor upon the interests of three of his children. At oral argument before this court, the plaintiff for the first time suggested that the disputed conveyance was a gift in contemplation of death. Because the plaintiff had the opportunity to raise this issue before the master and failed to do so, we hold that he is now precluded from making such a claim. *See Carbur's, Inc. v. A & S Office Concepts, Inc.*, 122 N.H. 421, 423, 445 A.2d 1109, 1111 (1982), *Badr Export and Import, Inc. v. Groveton Papers Co.*, 122 N.H. 101, 103, 441 A.2d 1159, 1161 (1982); *Progressive Survey, Inc. v. Pearson*, 120 N.H. 58, 61, 410 A.2d 1123, 1125 (1980).

*Affirmed.*

All concurred.