**Gary KENYON and Kathleen Kenyon, Plaintiffs-Appellants,**

v.

**Edward POEHLMANN and Kathryn Poehlmann, Defendants-Appellees.**

No. 84CA1426.

Colorado Court of Appeals, Div. III.

March 13, 1986.

Rector, Retherford, Mullen & Johnson, Leo W. Rector, Neil C. Bruce, Colorado Springs, for plaintiffs-appellants.

No Appearance for defendants-appellees.

VAN CISE, Judge.

Plaintiffs, Gary and Kathleen Kenyon, brought this action based on equitable grounds seeking to compel a reconveyance of their former interest in a parcel of mountain property from defendants, Edward and Kathryn Poehlmann, Kathleen's brother and mother, respectively. Plaintiffs appeal from a judgment entered in favor of defendants after a trial to the court. We affirm.

In August 1977, Kathryn Poehlmann conveyed half interests in certain real property located in Lake County, Colorado (Lot 130) by warranty deed, one-half to plaintiffs and one-half to Edward Poehlmann, as tenants in common. The evidence established that plaintiffs subsequently became involved in litigation in connection with the construction of their new home in Colorado Springs, and substantial liens were filed against the Colorado Springs property. On conflicting evidence, the trial court found that, although the equity in the Colorado Springs property was sufficient to secure plaintiffs' creditors adequately, plaintiffs initiated another conveyance of Lot 130, with the intention of removing Lot 130 from the possible grasp of those creditors. As a result, in January 1979, Lot 130 was conveyed by a warranty deed absolute on its face from plaintiffs and Edward Poehlmann to Kathryn Poehlmann and Edward Poehlmann, as tenants in common, each with a one-half interest.

According to plaintiffs, they entered into the January 1979 transaction conveying their half interest in Lot 130 in reliance on an alleged oral promise by, or agreement with, Edward Poehlmann to reconvey their interest back to them when the Colorado Springs litigation was resolved. They further alleged that the litigation subsequently was concluded in their favor, but that defendants have refused their requests to reconvey plaintiffs' one-half interest in Lot 130.

The trial court dismissed plaintiffs' complaint at the conclusion of the evidence. It found that the problem here concerned the half interest in Lot 130 now in Kathryn Poehlmann's name, not Edward Poehlmann's interest. Edward's half interest was unchanged by the January 1979 conveyance, and there was insufficient evidence to support plaintiffs' claims against Kathryn Poehlmann's interest, including their claims for equitable relief.

On appeal, plaintiffs contend that the trial court erred in finding that they had failed to establish an entitlement to a constructive trust. They assert that plaintiffs and defendants had a confidential relationship at the time of the January 1979 conveyance and that a constructive trust should have been imposed to compel a re-

conveyance as promised in order to prevent the defendants' unjust enrichment. We perceive no error.

■ A constructive trust generally may be imposed to prevent unjust enrichment if there has been a conveyance of an interest in real property in reliance on an oral promise by the grantee to reconvey the property, and the grantee was in a confidential relationship to the grantor at the time of the conveyance. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979); Restatement (Second) of Trusts § 44 (1959); A. Scott, *Trusts* § 44.2 (3rd ed.1967). A promise or agreement by the grantee to reconvey, however, is an essential condition for the imposition of a constructive trust under these circumstances. *See Gruenwald v. Mason,* 139 Colo. 1, 335 P.2d 879 (1959); *Dubois v. Dubois,* 122 N.H. 532, 446 A.2d 1181 (1982).

■ Here, the trial court found that Kathryn Poehlmann was the only grantee of plaintiffs' interest in the January 1979 conveyance, and that Edward Poehlmann was not her agent in any way. These findings are supported by the record and, thus, will not be disturbed on review. *Page v. Clark, supra.* Since there was no evidence whatsoever of a promise or an agreement by Kathryn Poehlmann with plaintiffs as to a reconveyance, the trial court properly refused to impose a constructive trust for plaintiffs' benefit. *See Gruenwald v. Mason, supra; Dubois v. Dubois, supra.*

■ Plaintiffs also contend that the trial court erred in failing to grant relief under a quasi-contract theory to prevent Kathryn Poehlmann's alleged unjust enrichment. However, since there was no evidence of an agreement by her to reconvey, the elements necessary for recovery under an unjust enrichment theory were not present. *See Dass v. Epplen,* 162 Colo. 60, 424 P.2d 779 (1967).

Plaintiffs' other contentions of error are without merit.

Judgment affirmed.

KELLY and METZGER, JJ., concur.