Hillsborough-southern judicial district
No. 96-750

### JOSEPHINE B. MASSICOTTE

v.

### ANTHONY JAMES MATUZAS

July 8, 1999

*Paul J. Bennett & Assocs., P.C.*, of Manchester (*Laura J. Brevitz* on the brief and orally), for the plaintiff.

*Michael J. Di Cola*, of Pittsfield, on the brief and orally, for the defendant.

THAYER, J. The defendant, Anthony James Matuzas, appeals from a Superior Court (*Murphy*, J.) decision imposing a constructive trust on his interest in certain real property in favor of the plaintiff, Josephine B. Massicotte. We vacate and remand.

After a trial on the merits, the court found the following facts. The property at issue is located in Nashua and was purchased in 1965 by the plaintiff and her then husband, Peter K. Matuzas, Sr. In 1974, by divorce decree, the plaintiff was awarded exclusive title to the property. The plaintiff has three children from the marriage, including the defendant. In 1978, she married Henry Massicotte, the father of two children from a prior marriage. After their marriage, the plaintiff and Massicotte resided at the Nashua property. In 1981, the plaintiff asked her attorney to draw up a deed placing the property in the names of herself and Massicotte, and providing that

upon their deaths her three children would receive title. The deed was drafted by the attorney, signed by the plaintiff and Massicotte without either having read it, and recorded. As drafted, the deed conveyed title to Massicotte, the plaintiff, and her three children, all as joint tenants with rights of survivorship.

In 1989, the defendant informed the plaintiff that he was aware that he had an interest in the Nashua property and that he intended to "get what was coming to [him]" when the Nashua house was sold. It was not until 1993 that the plaintiff examined the deed and learned that it provided a grant of a present interest to her children. In an attempt to correct the deed, the plaintiff had a quitclaim deed prepared for each of her children conveying their interest back to the plaintiff and Massicotte. While two of her children signed the quitclaim deeds, the defendant did not. Consequently, the plaintiff brought a petition seeking a court order requiring the defendant to reconvey his interest to the plaintiff, or alternatively, declaring the property free and clear of any interest the defendant has in it. The trial court found in the plaintiff's favor and ordered the defendant to execute and deliver to the plaintiff a quitclaim deed conveying all rights, title, and interest he has in the property. The trial court denied the defendant's motion for reconsideration, and this appeal followed.

The defendant argues that the trial court's order should have conformed with the plaintiff's intent at the time she executed the 1981 deed. Therefore, the court erred by imposing a constructive trust on all of his interest in the property, rather than reforming the deed and conveyance to preserve for the defendant a remainder interest in the property. We agree.

■ The enforcement of a right in equity "is a matter within the sound discretion of the trial court exercised upon a consideration of all the circumstances of each case and controlled by established principles of equity." *Arnold v. Chandler*, 121 N.H. 130, 134, 428 A.2d 1235, 1237 (1981) (quotation and brackets omitted). Therefore, "[w]e review the equitable order of the trial court under the abuse of discretion standard." *Geiss v. Bourassa*, 140 N.H. 629, 631, 670 A.2d 1038, 1040 (1996) (quotation omitted).

■ In imposing a constructive trust, a trial court is not bound by rigid requirements; rather, "a court may impose such a trust to prevent the enrichment of one who acquires title to property through a mistake." *Dubois v. Dubois*, 122 N.H. 532, 535, 446 A.2d 1181, 1182-83 (1982). "Thus a constructive trust arises where the title to property is acquired through a mistake." *Lamkin v. Hill*, 120

N.H. 547, 551, 419 A.2d 1077, 1080 (1980) (quotation and ellipsis omitted). "It is old and well-established law that equity, at the instance of a grantor . . . will reform a voluntary conveyance, where, by mistake of law or fact, a larger estate or more land has been granted than was intended to be conveyed . . . . " *Archer v. Dow*, 126 N.H. 24, 28-29, 489 A.2d 574, 578 (1985) (quotation omitted).

■ The trial court found that instead of the remainder interest she intended, the plaintiff mistakenly conveyed a present interest to her three children. The court specifically found that the plaintiff asked that "the property . . . be placed in the names of herself and her husband, and upon their death to her three children." Once the court determined that the defendant would be unjustly enriched by the plaintiff's mistake, and therefore the circumstances warranted reforming the conveyance, established principles of equity should have controlled the reformation. Thus, because the plaintiff made a voluntarily conveyance, she was entitled to have the court reform the conveyance to correct the mistake and grant that which she intended to convey. *Cf. id.* at 25-29, 489 A.2d at 575-78 (affirming trial court's order reforming but not canceling deed voluntarily conveying larger estate than intended). Instead of reforming the deed to reflect the plaintiff's intent at the time of the conveyance, however, the court canceled the conveyance in its entirety. In doing so, the trial court erred.

■ Finally, the plaintiff argues that the defendant's alleged interest in the property is outweighed by his unreimbursed share of the expenses for the support of the property. The plaintiff's argument, however, fails to consider the trial court's findings that the conveyance was "a gift to [Massicotte] and . . . her children" and the plaintiff "never requested or demanded contribution for the cost and expenses." Further, as a life tenant the plaintiff, not the defendant, is obligated to pay taxes and use ordinary care to maintain the property. *See Burke v. Millikin*, 69 N.H. 501, 502-03, 45 A. 401, 401-02 (1898).

In light of our holding and a review of the record, we find the plaintiff's remaining arguments to be without merit, warranting no further discussion. *Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993). Therefore, we vacate the court's order with respect to

714

the relief granted and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

All concurred.