Rockingham
No. 2000-192

ANNETTE B. DEMAURO

v.

JOSEPH M. DEMAURO

Argued: March 6, 2002
Opinion Issued: May 23, 2002

*Tober Law Offices, P.A.*, of Portsmouth (*Heidi E. Shealy* and *Stephen L. Tober* on the brief), and *S. James Boumil*, of Lowell, Massachusetts, on the brief and orally, for the plaintiff.

*Law Office of Donald A. Kennedy*, of Manchester (*Donald A. Kennedy* on the brief and orally), for the intervenor.

DALIANIS, J. This case involves two competing claims to a parcel of real property located in Rye Beach. Specifically, Louis D'Auria, a judgment creditor and intervenor, appeals a Superior Court (*Murphy*, J.) decision that his attachment on the property is second in priority to plaintiff Annette DeMauro's attachment. We affirm.

The following facts are supported by the record. In July 1995, Annette DeMauro (DeMauro) received a court-ordered attachment in her divorce action against her husband, Joseph DeMauro, on property located at 2595 Ocean Boulevard in Rye Beach (Rye Beach property). The record owner of the Rye Beach property at the time was the Klaidonis Foundation, an entity established by Joseph DeMauro. DeMauro's writ of attachment and trustee process, however, named only Joseph DeMauro in the caption. Joseph DeMauro was personally served with a copy of the writ in September 1995. The Klaidonis Foundation received service by certified mail on October 18, 1995.

In January 1996, D'Auria was awarded a civil judgment of more than $500,000 against Joseph DeMauro. After the court denied his motion to intervene in the divorce action, D'Auria filed an equity petition for *ex parte* attachment and trustee process against Joseph DeMauro and the Klaidonis Foundation, seeking to attach the Rye Beach property. In support of his petition, D'Auria argued, among other things, that "[t]he Klaidonis Foundation [wa]s inappropriately named for a real estate interest." He also argued that Joseph DeMauro exercised all indicia of control over the Rye Beach property, and that the Rye Beach property should revert to Joseph DeMauro because New Hampshire law does not recognize a foundation as an entity that can own real property. The court granted the petition on April 8, 1996.

On July 23, 1996, DeMauro, after learning that D'Auria claimed to have the first attachment on the Rye Beach property, filed a motion to extend time to complete service of trustee process against the Klaidonis Foundation and to reinstate her attachment in original priority. In her motion, she argued that under RSA 498:21 (1997) (amended 2001), the court had the equitable power to modify her attachment so as to reinstate it ahead of D'Auria's attachment. The court granted DeMauro's motion on July 29, 1996.

D'Auria subsequently filed a motion requesting that the court vacate its order, which was denied. D'Auria then filed motions in his equity action requesting that the court issue final orders declaring his attachment on the Rye Beach property to have priority over DeMauro's. The court denied these requests as well. Finally, D'Auria appealed his equity action to this court. On February 18, 1999, we declined to accept his appeal. *Louis D'Auria v. Joseph DeMauro & a.*, No. 98-466 (N.H. February 18, 1999).

In February 2000, the superior court issued a divorce decree which, in part, provides:

> It is hereby recognized that the defendant has incurred a debt to one Louis D'Auria who has an attachment against the assets of the defendant in the amount of $800,000, which this Court has ordered to have a priority second to the attachment granted to plaintiff on the [property in] Rye Beach, New Hampshire.

After the court denied D'Auria's motion for reconsideration, this appeal followed.

On appeal, D'Auria argues that the trial court erred in granting DeMauro's attachment priority over his attachment because: (1) DeMauro failed to properly apply for trustee process against the Klaidonis Foundation; (2) he was the first to properly file his attachment and trustee process under race-notice principles; and (3) the equities did not favor granting DeMauro relief under RSA 498:21. As a preliminary matter, we note that there is a question whether D'Auria has standing to challenge the trial court's divorce decree or any other marital orders. Because we conclude that the trial court properly exercised its equitable discretion in granting DeMauro's attachment priority under RSA 498:21, however, we need not address the standing issue.

■ RSA 498:21 provides that "[a]ny lien acquired by proceedings in equity may be released, discharged or modified by the court in such manner and upon such terms as justice may require." The decision to grant equitable relief is within the sound discretion of the trial court and will not be disturbed unless the court's exercise of discretion is unsustainable. *See Massicotte v. Matuzas*, 143 N.H. 711, 712 (1999); *see also State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

■ The crux of D'Auria's argument is that he is deserving of priority because DeMauro did not list the Klaidonis Foundation in the caption of her writ of summons and, therefore, her attachment was not properly

indexed under the foundation name. The purpose underlying our recording rules is to provide the public with notice of a conveyance of or encumbrance on real estate, thereby protecting those parties who already have interests in land as well as those who would like to acquire such interests. *Hilco, Inc. v. Lenentine*, 142 N.H. 265, 267 (1997). We have stated previously that "[w]e must guard the integrity and reliability of our recording system, viewing claims to circumvent the established order of priority, through resort to equity, with trepidation." *Id.* Our focus, therefore, must be on the strength of DeMauro's case for equitable intervention, not on the weaknesses of D'Auria's case. *See id.* at 267-68.

█ Even assuming that DeMauro's attachment against the Rye Beach property was not properly recorded, the record supports the trial court's ruling. DeMauro filed the court order granting her attachment against the Rye Beach property with the registry of deeds almost nine months before D'Auria was awarded his *ex parte* attachment against the same property. DeMauro also served the Klaidonis Foundation with notice of the attachment before D'Auria obtained his *ex parte* attachment. Although DeMauro did not name the Klaidonis Foundation in the caption of her writ of attachment, the writ directs the sheriff to attach the money, goods, chattels, rights and credits of Joseph DeMauro under the control of the foundation.

In addition, D'Auria advocated in his petition for *ex parte* attachment and trustee process that the Klaidonis Foundation was essentially a "sham"; that Joseph DeMauro, who had all interest and control of the foundation, was the true owner of the property; and that the foundation was not an entity legally capable of holding an interest in real estate. In light of these assertions, we find unpersuasive D'Auria's argument that DeMauro is not entitled to priority simply because she failed to name the Klaidonis Foundation in her writ of attachment and trustee process.

Moreover, there is considerable support in the record that D'Auria and his attorney had knowledge of DeMauro's attachment on the Rye Beach property before D'Auria filed his attachment. We note that the trial court did not make specific findings with regard to its ruling. In the absence of specific findings, however, the trial court is presumed to have made all findings necessary to support its decision. *Lepage v. L'Heureux*, 119 N.H. 201, 202 (1979). Having considered the unique circumstances presented, we conclude that the trial court's exercise of equitable discretion to protect DeMauro's priority interest is sustainable on the record.

*Affirmed.*

NADEAU and DUGGAN, JJ., concurred.